EMILY OWEN, Appellant, *v.* GEORGE S. ROBBINS *et al.*, Appellees.

**APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.**

Dower will not be assigned in an estate embraced in a contract of purchase, which was assigned by the husband in his lifetime.

If, at the time of his death, the husband was in a position to enforce a conveyance of land, by a bill for a specific performance, the widow will be dowable in such land.

If the husband never had a title to land, but only a contract which might ripen into a title, which he assigned, any act of the husband in completing the title subsequent to the assignment, will not aid the wife in obtaining dower.

A holder of real estate, when sued for dower, may be permitted to show, that either an immediate or remote grantor did not have title, and that he holds under a different title, which is paramount.

The acknowledgment by a wife to a deed, which does not state that she was made acquainted with the contents of the deed and relinquishes her dower, entirely fails to comply with the statute.

EMILY OWEN filed her petition in the Cook county Court of Common Pleas, on the 23rd day of December, A. D. 1855, to have her dower assigned to her in block No. 105, and block No. 108, in school section addition to Chicago. In her petition she alleges that she was married to Thomas J. V. Owen in the year 1823, and that they lived together as husband and wife until the 14th of October, 1835, when the said Thomas died, leaving him surviving, the petitioner and Thomas Owen, aged eleven years, William Owen, aged eight years, George Owen, aged four years, and Elias, aged ten months, his children by the petitioner. That during such, the petitioner's, coverture, to wit, during the years 1834 and 1835, the said Thomas was seized in fee simple, absolute in his own right, of the above described real estate, and that on or about the 21st day of May, A. D. 1835, the said Thomas conveyed said blocks of land to E. K. Hubbard, and that the title to the same had, by subsequent conveyances, passed to George S. Robbins, who was then seized in fee of said premises, subject to the petitioner's right to dower therein; and there is an averment in the petition that the petitioner had never conveyed, aliened, released, discharged, or in any manner relinquished her right of dower in said lands, during the lifetime of said Thomas, or since his decease. The petition concludes with a prayer that the said Robbins be made defendant to the petition, and that petitioner be allowed her dower in the lands described in the petition.

Robbins filed his answer to the petition, in which he required proof that the petitioner was married to said Owen, and that she was, at the time of the filing of the petition, his widow. He further denied that, in the years 1834 and 1835, the said Thomas was seized in fee simple, in his own right, of the premises described in said petition, or that said Thomas had any such title to said premises at any time before his death, but avers that said Thomas, in his lifetime, and prior to the year 1835, bid off said premises at a public sale, made by the commissioner of school lands for said county of Cook, who gave said Thomas a certificate for his bid, and a receipt for one-fourth of the purchase money, then paid down, and a statement that the residue was payable in one, two and three years thereafter, with interest annually, and on full payment of such principal and interest, he would be entitled to patents for said premises from the Governor of Illinois, the last payment falling due in the fall of 1835; that before the full payment of the purchase money, and the issuing of patents for said blocks of land, to wit, on the 21st day of May, A. D. 1835, the said Thomas conveyed all his right, title and interest in and to said blocks of land to Elijah K. Hubbard, and that after the death of said Thomas, to

wit, on the 7th day of December, A. D. 1835, patents were issued for said premises in the name of said Thomas. The answer further states that the said Thomas, in his lifetime, and the petitioner, on the 21st day of May, A. D. 1835, in consideration of $4,600 then paid, by deed of that date, by them duly signed, executed and delivered, sold and conveyed all their estate, right, title, interest, property, claim and demand of, in and to said blocks of land, unto said Elijah K. Hubbard, in trust for Nevins, Townsend & Co., and C. J. Moulton, of New York, and H. L. De Koven and Elijah Hubbard, of Middletown, Conn.; with covenants, among other things, that said Thomas was well seized of said premises in fee, in his own right; that they were free from incumbrances, and for quiet enjoyment, and to make further conveyances, etc.; which said deed was duly acknowledged by said Thomas and said petitioner before R. E. Heacock, a justice of the peace for said county; that said petitioner and the said Thomas went before the said justice, and there acknowledged the same to be their act and deed for the purposes therein contained, etc. The answer further states that said blocks of land were vacant and unoccupied at the time of the conveyance thereof to said Hubbard, and denies that said Thomas, at the time of his death, had such a title to said premises as would entitle said petitioner to her dower therein. The answer further states that said Elijah K. Hubbard departed this life in the year 1838 or 1839, having previously made and published his last will and testament, wherein William H. Brown and H. Griswold Hubbard were appointed his executors, and that the said Wiliam H. Brown and H. Griswold Hubbard, under and in pursuance of the power contained in the will, did, on the 23rd day of October, A. D. 1840, by deed, bearing date on that day, grant and convey said lands unto said Russell H. Nevins and to his heirs and assigns forever, for a valuable consideration, set forth in said deed, which said deed was afterwards duly acknowledged and recorded in the recorder's office of Cook county, on the 21st day of September, A. D. 1841; that afterwards, and on the 29th day of April, 1848, the said blocks of land still being vacant and unoccupied, the said Russell H. Nevins, by deed of that date, in consideration of ten thousand dollars to him in hand paid, did grant, bargain, sell and convey the said blocks of land unto the said defendant, his heirs and assigns, forever, with full covenants of warranty, seizin, good right to sell, and for quiet enjoyment thereof, which deed was duly acknowledged and recorded in the recorder's office, on the 4th day of June, A. D. 1851. The defendant admits that he holds title to the said lands, and is seized in fee thereof, but denies that he holds the same subject to the dower

interest of the complainant. That said petitioner ought not, in equity and good conscience, to have or maintain her petition, because said defendant is a *bona fide* purchaser of said lands, for the sum of ten thousand dollars paid by him, without any notice of petitioner's claim for dower, and also because her title and right of dower, if any she had, accrued more than twenty years next before she made any claim or demand of dower in said premises, and before said suit was brought, and he relies on the statute of limitations, approved February 10, 1827 ; and also because the said Russell H. Nevins, under whom defendant claims title to said lands, by purchase as aforesaid, having color of title to the same, made in good faith ; that said lands were vacant and unoccupied from the 23rd of October, 1840, to 1853, when the same became occupied by the tenants of the defendant, since which time they have been occupied by defendant's tenants ; that the said Nevins paid all taxes on said premises for seven successive years prior to the filing of said bill of complaint, and he insists upon the statute approved March 2, 1839, in bar of said claim of dower ; that said premises were vacant and unoccupied from 1833 to 1853, and that Nevins paid all taxes on said premises for seven successive years prior to the petitioner's filing said petition, and he insists upon the statute in such cases made and provided, in bar of petitioner's claim of dower ; that said lands were vacant from the 29th of April, 1848, to and until the year 1853, and that the defendant, having color of title to the same, made in good faith, paid all taxes on said premises for seven successive years, immediately prior to the commencement of this suit, and he insists upon the statute in such cases made and provided, in bar of petitioner's claim for dower.

The answer is sworn to, and to this answer a general replication was filed.

And afterwards the said parties, by their solicitors, filed the agreed case following :

The following facts are admitted, on the part of petitioner and defendant, in the above entitled cause, by their solicitors : That the petitioner, Emily Owen, is the widow of Thomas J. V. Owen, deceased, late of Cook county, Illinois, and that the petitioner and the said Thomas were married in the year 1823, and lived together as husband and wife until about the 14th day of October, A. D. 1835, when the said Thomas departed this life, leaving children, as stated in said petition. It is further admitted that, during his lifetime, and during the coverture of said petitioner, as aforesaid, the said Thomas, at a sale made in October, A. D. 1832, in pursuance of the laws of Illinois then existing, by the commissioner of school lands, at public auction,

bid in the premises described in the said petition, and known as blocks 105 and 108 in school section addition to Chicago, and received from said commissioner a certificate of such purchase, setting forth that one-fourth of the purchase money had been paid therefor by the said Thomas, and that the said Thomas, his heirs and assigns, would be entitled to patents for said premises upon the full payment of the balance of such purchase money, payable in equal installments, with interest, in one, two and three years from the time of such purchase. It is further admitted that the said Thomas, in his lifetime, paid the installments on said purchase as they became due, the last falling due on the —— day of October, A. D. 1835, after the sale and conveyance by him to Hubbard, and that patents were afterwards issued for said premises by the Governor of the State of Illinois, in the usual form, to and in the name of said Thomas, purporting to grant and convey said premises to the said Thomas, his heirs and assigns, and bearing date the 7th day of December, 1835.

It is further admitted, that the said Thomas, before his decease, and before he paid the last installment for said lands, to wit, on the 21st day of May, A. D. 1835, for and in consideration of forty-six hundred dollars paid to him, did execute and deliver unto Elijah K. Hubbard the deed of conveyance in trust, as stated in the defendant's answer, with full covenants of general warranty of title, and quiet possession of said blocks of land, said deed bearing date on that day, and which was acknowledged on the 21st day of May, 1835, and duly recorded in the recorder's office of Cook county, in book D, page 101, on the 18th day of June, 1835, and that the defendant shall be permitted to read said deed, or upon laying the usual foundation, the record of a copy of it, with the certificate of acknowledgment, as given by the justice in evidence, on the hearing of this cause. But as to the question whether the rights of the said petitioner are conveyed, or affected by said deed and certificate, this question is referred to the judgment and determination of the court upon the facts. It is further admitted that said premises were subsequently conveyed to Russell H. Nevins, and were, on the 29th day of April, 1848, conveyed to said defendant, as stated in his answer. It is admitted that said lands were vacant and unoccupied at the time stated in defendant's answer; and it is also admitted that the said defendant and his grantors were in the occupation of said lands at the time stated in the said answer, but as to whether said defendant and his grantors paid taxes thereon, as stated in his said answer, the defendant is left to his proof of the same by putting in evidence, on the hearing, the tax books, his tax receipts, and such

other legal proof as he may be able to produce on the hearing of this cause, or all or any of them. It is further admitted, that the said petitioner has not, since the death of her husband, asserted her right to dower in said premises, by demand or suit, until the filing of said petition, nor has she exercised acts of ownership over said premises since the death of her said husband, by taking possession, paying taxes, or in any other manner, but as to whether the widow, the said Emily Owen, is barred of her dower by said deed and facts which will appear in this cause, is left for the court to decide, and is referred to the court for determination, from all the facts and circumstances in the case.

It is hereby further agreed, that the petition and answer may be amended so as to conform to the foregoing agreed statements of facts. It is also admitted that the taxes and assessments were paid, as stated in defendants' answer.

And afterwards, and on the 9th day of July, said complainant filed her amended petition in said cause, in conformity with the foregoing agreed case, and making the State of Illinois, and the said Thomas, William, George and Elias Owen, parties defendants, together with the said George S. Robbins; and the authority of the Governor of the State of Illinois, to Carlos Haven, to enter the appearance of the State, and answer for it in this behalf, was, on the day and year last aforesaid, filed in said cause; and on the same day were also filed the answer of the State, made by the same Haven, its attorney and solicitor, admitting the purchase of the premises by said Owen, and the issuing of the patents therefor, as stated in said petition, after the death of said Owen, together with the joint answer of the said Thomas, William, George and Elias, by their solicitors, admitting the several allegations in said petition to be true, and submitting their rights and interests in the premises to the court. And on the hearing of said cause, said defendant Robbins, by his counsel, introduced and read in evidence a deed of conveyance, of which the following is a copy:

This Indenture, Made the twenty-first day of May, in the year of our Lord one thousand eight hundred and thirty-five, between Thomas J. V. Owen and Emily Owen, his wife, of the county of Cook and State of Illinois, of the first part, and Elijah K. Hubbard, of said county, in trust for Nevin, Townsend & Co. and C. F. Moulton, of the city of New York, and H. L. DeCoven and Elijah K. Hubbard, of Middletown, Connecticut, of the second part. Witnesseth, that the said parties of the first part, for and in consideration of the sum of forty-six hundred dollars, lawful money of the United States of America, to them in hand paid by the said parties of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, and the said parties of the second part, their heirs, executors and administrators, forever released and dis-

charged from the same by these presents, Have granted, bargained, sold, aliened remised, released and confirmed, and by these presents doth grant, bargain, sell, alien, remise, release and confirm unto the said parties of the second part, and to their heirs and assigns forever, all of the following blocks or lots of land, to wit: block number one hundred and five, and block number one hundred and eight, in section number sixteen, in township number thirty-nine north, of range number fourteen east of the third principal meridian, in the State of Illinois, as laid out by the trustees of said township, a plan of which is recorded in the Recorder's office in and for the said county of Cook, reference being thereunto had for further particulars. Together with all and singular the tenements, hereditaments, rights, members, privileges and appurtenances, unto the said above-mentioned and described premises belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also all the estate, right, title, interest, property, possession, claim or demand whatsoever, as well at law as in equity, of the said parties of the first part of, in and to the same and every part and parcel thereof, with the appurtenances. To have and to hold the above granted, bargained and described premises, and every part and parcel thereof, with the hereditaments and appurtenances, unto the said parties of the second part, their heirs and assigns, to the sole and only proper use, benefit and behoof of the said parties of the second part, their heirs and assigns forever. And the said Thomas J. V. Owen, for himself, his heirs, executors and administrators, doth covenant, grant, promise and agree to and with the said parties of the second part, their heirs and assigns, in manner and form following, that is to say : He, the said Thomas J. V. Owen, at the time of the sealing and delivery of these presents, was lawfully seized in himself of a good, sure, absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above granted, bargained and described premises, with the appurtenances, and has good right, full power, and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, and that the said parties of the second part, their heirs and assigns, shall and may at all times hereafter peaceably and quietly have, hold, use, occupy, possess and enjoy the above granted premises and every part and parcel thereof, with the hereditaments and appurtenances, without any let, suit, trouble, molestation, eviction or disturbance of the said parties of the first part, their heirs and assigns, or of any other person or persons lawfully claiming or to claim the same or any part thereof. And that the same now are free,·clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever. And also that the said parties of the first part and their heirs, and all and every other person or persons whomsoever, lawfully or equitably deriving any estate, right, title or interest of, in or to the hereinbefore granted premises, or any part or parcel thereof, by, from, under or in trust for them, shall and will, at any time or times hereafter, upon the reasonable request and at the proper costs and charges in the law of the said parties of the second part, their heirs and assigns, make, do and execute, or cause or procure to be made, done and executed, all and every such further and other lawful and reasonable acts, conveyances and assurances in the law for the better and more effectually vesting and confirming the premises hereby intended to be granted in and to the said parties of the second part, their heirs and assigns forever, as by the said parties of the second part, their heirs or assigns, or their counsel learned in the law, shall be reasonably devised, advised or required. And the said Thomas J. V. Owen, the above described and

hereby granted and released premises, and every part and parcel thereof, with the hereditaments and appurtenances, unto the said parties of the second part, their heirs and assigns, against the said parties of the first part and their heirs, and against all and every person and persons whomsoever, lawfully claiming or to claim the same or any part thereof, shall and will warrant and by these presents forever defend.

*In Witness Whereof,* The parties to these presents have hereunto interchangeably set their hands and seals, the day and year first above written.

STATE OF ILLINOIS, }
    COOK COUNTY. }

This day came before me Thomas J. V. Owen and Emily, his wife, both to me personally known to be the real persons who executed the within instrument of writing and acknowledged the within to be their act and deed for the purposes contained, and the said             being by me examined separate and apart from her husband, acknowledged that she executed the same of her own free will, without the coercion of her husband.

*In Testimony Whereof,* I have hereunto set my hand and seal, this 21st day of May, eighteen hundred and thirty-five.

                           R. E. HEACOCK, *J. P.* [SEAL.]

And thereupon, upon the final hearing of said cause, upon the petition, amended petition, replication, agreed case and evidence aforesaid, the said court, J. M. WILSON, Judge, presiding, rendered its final judgment and decree in said cause, whereby it was ordered, adjudged and decreed, that the petition of said complainant filed in said cause be dismissed, and that said complainant pay to said defendant his costs and charges about his defense in that behalf expended, to which decree of the court the complainant then and there excepted, and prayed an appeal to the Supreme Court.

And the complainant assigns as error, the decision and decree of said court rejecting said petitioner's claim for dower, and dismissing her said petition.

ISAAC G. WILSON, GRANT GOODRICH and HOYNE, MILLER & LEWIS, for Appellant.

B. S. MORRIS, for Appellee.

WALKER, J. This was a petition for assignment of dower by plaintiff against defendants, commenced in the Cook county Court of Common Pleas, on the 23rd December, 1855. The dower is claimed in blocks 105 and 108 in school section addition to the city of Chicago. It was admitted on the trial below, on the agreed facts, that the petitioner is the widow of Thomas J. V. Owen, deceased, and that they were married in 1823, and

Owen *v.* Robbins et al.

lived together as husband and wife until the 14th of October, 1835, when the said Owen departed this life; that he, in October, 1832, at a sale made by the commissioner of school lands, purchased the said premises, received a certificate of purchase, paid one-fourth of the purchase money, and agreed to pay the balance in one, two and three years, in equal installments; and by the certificate of purchase was entitled to a patent for the same, on payment of the purchase money; that he paid the installments as they fell due, the last in October, 1835; that a patent issued in his name for the premises, on the 7th day of December, 1835; that, on the 21st day of May, 1835, he, for the consideration of $4,600, conveyed the land to Elijah K. Hubbard, in trust for Nevins, Townsend & Co., C. F. Moulton, H. L. DeCoven and Elijah K. Hubbard, with covenants of general warranty, which was acknowledged on the 21st of May, 1835, and recorded on the 18th day of June, 1835, in Cook county, Illinois; that the premises were subsequently conveyed to Russell H. Nevins, and were, on the 29th day of April, 1848, conveyed to defendant, George S. Robbins; that the premises were vacant and unoccupied from the 23rd of October, 1840, till 1853, when the same became occupied by the tenants of the defendant, and have been so occupied ever since; that petitioner had not asserted her right of dower in the premises since the death of her husband, by demand or suit, until she filed this petition, nor had she exercised any acts of ownership of the premises, by taking possession, paying taxes, or in any other manner. It was subsequently admitted, that Nevins had paid the taxes for seven successive years prior to filing the petition, and that defendant paid all taxes legally assessed on the premises seven successive years immediately prior to the commencement of this suit.

The deed of conveyance executed by Owen and petitioner, on the 21st day of May, 1835, to Elijah K. Hubbard, was acknowledged before R. E. Heacock, and the acknowledgment is as follows:

STATE OF ILLINOIS, }
    COOK COUNTY:    } ss.    This day came before me, Thomas J. V. Owen and Emily, his wife, both to me personally known to be the real persons who executed the within instrument of writing, and acknowledged the within to be their act and deed, for the purposes contained; and the said ... .... ........ being by me examined separate and apart from her husband, acknowledged that she executed the same of her own free will, without the coercion of her husband.

In testimony whereof, I have hereunto set my hand and seal, this 21st day of May, eighteen hundred and thirty-five.

R. E. HEACOCK, *J. P.* [SEAL.]

On the hearing, the court dismissed the petition and rendered a decree against petitioner for costs. From which she appeals to this court.

The acknowledgment of the deed from Owen and wife to Hubbard, entirely fails to comply with the statute regulating the relinquishment of the wife's right to dower. This certificate nowhere states that she was made acquainted with the contents of the deed, nor does she acknowledge that she relinquishes her right of dower; both of these should appear in the certificate of acknowledgment. This, then, being the case, any right the petitioner had in the premises was not affected by that acknowledgment. It will be proper to inquire, whether her husband, at the time of his death, had an estate in which petitioner was entitled to dower. In the English courts the rule seems to be pretty uniform, that a widow is not dowable in an equitable estate. But the rule of the English courts has been departed from by some of the courts of the United States. And our legislature, at an early period, regulated it by enactment. The 49th section of the chapter entitled Wills, Revised Code, 1829, page 207, which was in force when the sale by Owen and petitioner was made, and at the time of his death, provided that " Equitable estates shall be subject to the widow's dower, and all real estate, of every description, contracted for by the husband in his lifetime, the title to which may be completed after his death." It is a question that is not free from difficulty, to determine what kind of an equitable estate the legislature intended to subject to the widow's dower. It could not be construed to embrace every kind of equitable estate, such as an equity of redemption of a mortgage given to secure the purchase money, an equitable mortgage, or an equitable lien, that may or may not become a title. This enactment has excluded mere contracts for the purchase of real estate unless the title shall be completed after the husband's death. But it does embrace a purchase of land by the husband, where the purchase money had been fully paid by the husband, and he was, at the time of his death, in a position to enforce a conveyance by a bill for a specific performance of the agreement. But it would not embrace a contract for the purchase of lands which has been assigned by the husband in his lifetime. *Rawton* v. *Rawton*, 1 Hen. & M. 91; *Dean* v. *Mitchel*, 4 J. J. Marsh. R. 451; *Stephens* v. *Smith*, ib. 66; *Hamilton* v. *Smith*, 6 J. J. Marsh. R. 582; *Lewis* v. *Moorman*, 7 Porter R. 522; 1 Hilliard Real Prop. 145. The contract, until it is executed, is only inchoate, and may be canceled by the parties; or it, like any chose in action, may be assigned so as to pass the equitable interest in the agreement to the assignee. We have been unable to find any

case which holds that a widow is dowable of land where the husband has assigned a contract for a purchase, although the courts of various States have held she is dowable of an equitable estate. But, in this case, Owen never had any title to this land; he only had a contract for a title, which, at the time it was assigned, might or might not ripen into a title. And when he sold it, he, in equity, passed the contract to Hubbard, and with it all of the rights he held under it. At the time it was sold, the petitioner had no right of dower in the premises, and any subsequent act, in completing the title in Hubbard, could give her no such right. As soon as the last payment was made, it became an equitable title in Hubbard, by virtue of the deed to him, and it would equally have enured to his benefit by an assignment, without the covenant of warranty.

It was urged, that as the defendant, Robbins, derives title from the husband of petitioner, he is estopped from denying that Owen had a title which entitled her to dower. There seems to be some conflict in the adjudged cases; some holding that it amounts to an estoppel, while others hold it does not have such effect. In New Hampshire and Kentucky, it is held that the husband's grantee, in a proceeding by the widow against him for dower, is not concluded from showing that the husband did not have title. *Moore* v. *Esty,* 5 N. H. R. 492; *Otis* v. *Parshley,* 10 N. H. R. 403; *Detheridge* v. *Woodruff,* 3 Mun. R. 244. This would seem to be the true rule, as an estoppel is based on an admission which the party making it shall not be permitted to contradict. When the grantee receives a deed of conveyance, he only impliedly admits that his grantor had a title, and he nowhere expressly makes such an admission; and there seems to be no reason why he should be concluded from showing the truth, when every day's observation shows that very many purchases are made by way of compromise, and to quiet titles, where neither party believes that any title is conveyed. If the acceptance of a deed is conclusive that the grantee admits title in each preceding grantor, men would hesitate to compromise or buy their peace in cases of disputed titles. In many cases, to receive a conveyance of an outstanding title, as a gratuity, would be ruinous, as the less validity a title would have, the less pains would be taken to get a relinquishment from the wives of the various grantors in the chain of conveyance. It seems to be more in accordance with the principles of justice and with the philosophy of evidence, that the holder of real estate, when sued for dower, should be permitted to show that either an immediate or remote grantor did not have title, and that he holds under a different title, which is paramount. The cases of landlord and tenant, and purchasers in possession under unexecuted

contracts, are governed by different principles, and would not fall within this rule. On the whole record in this case we are unable to perceive any error, and the decree of the court below should be affirmed.

*Judgment affirmed.*