BETSEY WOOLLEY, Plaintiff in Error, v. WILLIAM H. MAGIE, Defendant in Error.

## ERROR TO THE SUPERIOR COURT OF CHICAGO.

The case of *Owen* v. *Robbins*, 19 Illinois Reports, p. 545, approved.

Dower does not attach to land, where the husband has conveyed before he had either a legal or equitable title.

A, without any title in himself, conveyed land to B, for which he afterwards obtained a certificate of purchase from the land office, upon which a patent was subsequently issued to A; Held, that the wife of A was not dowable of this land.

THE petition for dower of the plaintiff in error sets forth:

That petitioner married Jeddiah Woolley, Jr., January 30, 1832.

That said Woolley, Jr., died February 4, 1857.

That by act of Congress, approved May 29, 1830, certain settlers on the public lands were entitled to pre-empt a quarter section, on paying the minimum government price therefor; which act further provided that "all assignments and transfers of the right of pre-emption given by this act, prior to the issuance of patents, shall be null and void."

That by act of Congress approved July 19, 1834, the act last aforesaid was revived, and continued in force for two years in favor of persons therein described.

That on June 19, 1834, Woolley was, by possession and cultivation of the west half of north-east quarter of Section 4, Township 39 north, of Range 14 east of 3rd principal meridian, in Cook county, within the purview of said acts of Congress, entitled to a pre-emption; and that on November 17th, 1834, he duly made his proofs, paid his money, and took from the receiver a pre-emption certificate for said half quarter section.

That by virtue of the premises, petitioner's husband became seized of an equitable estate of inheritance in said land, and petitioner became seized of an inchoate right of dower therein.

That on May 17, 1836, Woolley deposited his pre-emption certificate in the general land office, and received a patent, dated on the day and year last aforesaid, from the president, for said land.

That by means thereof, Woolley, on May 17, 1836, became seized of a legal estate of inheritance in said land, and the petitioner of an inchoate right of dower therein.

That petitioner has never released or waived her right of dower in said land, but is now entitled to dower therein.

That by deed made October 30, 1834, Woolley undertook to grant and convey said land to one Hiram Pearsons.

That at time of making said deed, Woolley had not paid the United States for said land, had not received nor was entitled to receive a pre-emption certificate therefor, had no legal or equitable title therein, nor any interest therein, which he had the legal right to convey under the prohibition of the acts of Congress.

That by the law of Illinois approved July 1, 1827, it is provided, that when a person, not having the legal estate in land, conveys it in fee simple absolute, and afterwards acquires the legal estate, it shall be taken to be in trust for the grantee, and the conveyance shall be deemed as valid as though the grantor held the legal estate when he conveyed.

That after the issuance of the patent aforesaid, the legal estate in the land passed to Hiram Pearsons, by virtue of the law last aforesaid, but subject to the petitioner's rights of dower.

That the defendant is, and has been since February 4th, 1857, in possession of and the owner of a legal estate in fee simple in a portion of said land (deriving his title through said Hiram Pearsons), to wit, of the west 221 29-100 feet of lots 81 to 90 inclusive, of Bronson's Addition to Chicago, in said Cook county.

That on March 21, 1860, petitioner applied to defendant and requested him to set off and let her into the possession and enjoyment of one-third part of the land last described, as her dower therein, but defendant refused.

That petitioner therefore prays the court, that one-third part of the last described land may be assigned and set off to her as her dower, and that she may be let into the full and immediate possession thereof, and be decreed to hold the same for her life.

The deed to Pearsons is a warranty deed, dated October 20, 1834, signed by Jeddiah Woolley and Betsey Woolley, and running from them, as parties of the first part, to Hiram Pearsons, as party of the second part; in consideration of $300, parties of first part grant, bargain, sell and convey to party of second part the half quarter section of land aforesaid, to have and to hold the same to him, his heirs and assigns, forever.

Wolley covenants, that he is seized of an absolute estate of inheritance in fee simple, has good right to sell, and that Pearsons, his heirs and assigns, shall quietly possess the premises against all persons lawfully claiming the same; that the premises are free from incumbrance; that the parties of first part, and all persons lawfully deriving any estate in said premises under or in trust for them, will, at any future time, on reasonable request, and costs paid, do any further acts and make any further conveyances required by the party of the second part,

his heirs or counsel, for the better vesting of .the premises in the party of the second part, his heirs and assigns, forever.

A general demurrer was filed to this petition.

Order sustaining demurrer.

Petitioner elects to stand and abide by her petition; and court, on motion, dismiss the petition.

Errors assigned:

Court erred in sustaining demurrer to amended petition.

Court erred in dismissing amended petition.

Court erred in giving judgment for defendant instead of petitioner.

Prays a reversal of the judgment.

F. B. PEABODY, for Plaintiff in Error.

SCAMMON, McCAGG & FULLER, for Defendant in Error.

CATON, C. J. The very close and ingenious printed argument which has been filed for the petitioner in this case, has induced us carefully to reconsider the case of *Owen* v. *Robbins*, 19 Ill. 545. If that case was correctly decided, it effectually disposes of this, for it was a stronger case for the petitioner than this is. There, the husband held a certificate of purchase from the State, and had paid three-quarters of the purchase money during the coverture and before he conveyed the premises by deed, by virtue of which the subsequent title, which was acquired by the husband but a short time after upon the payment of the final installment of the purchase money, enured to his grantees; while here, the deed, under which the title enured to the grantee, was made before the husband had a shadow of title to the land, either legal or equitable. We are still satisfied that Owen's case was well decided, and this must be decided in the same way. We propose to add a little to what was said in that case. It is insisted that, while Woolley held the certificate of purchase and before he received the patent for the land, he held the equitable estate, not in trust for the grantee in his deed, but in his own right and for his own benefit, for the reason, as it is said, that an equity cannot arise upon an equity. Such an application of this maxim shows that its meaning is not comprehended, no doubt because its proper application would not subserve this cause. All who are at all familiar with remedies afforded by courts of equity, know that equitable rights are constantly enforced through apparent equities in others, in this sense of the term: thus, if A purchase land with the money of B, and takes to himself a contract of purchase, a resulting trust would arise in favor of him whose money purchased the land,

and that, too, upon the equitable title which vested in the nominal purchaser, through the contract of purchase. A little reflection will suggest to every legal mind many cases where a trustee may hold an equitable interest or title in trust for another. To say that while Woolley held the equitable title to this land, arising from the certificate of purchase, he held it in his own right, while the law had already declared that, the moment that equitable title ripened into a legal title, it would instantly vest in his grantee, is quite too superficial a notion of the law. Dower could no more attach to this equitable title while nominally in the hands of Woolley, than it would had Woolley purchased a farm with the money of Pearsons, and taken a contract for a deed to himself, and expressly declared on its face that it was in trust for Pearsons.

A point is made, that there was an act of Congress, rendering void all contracts for sales of pre-emption rights. Were this a sale of a pre-emption right, that would raise an important question for discussion. But it was not, nor did it purport to be a sale of a pre-emption right. It purported to be a sale of the land in fee simple, but it was, in fact, a sale of nothing. The only effective and vital part of the deed, at that time, was the covenants. There is nothing to show that the grantee did not suppose, at that time, that the grantor had a perfect title, or, if he had not, that he knew by what means he expected to get one.

The judgment of the court below is affirmed.

*Judgment affirmed.*