GEORGE I. STOW

*v.*

HARRIET STEEL.

1. DOWER — *when it vests in equitable estates.* To entitle a wife to dower, the husband must hold such an equitable estate as entitles him to be invested with the legal title.

2. If the husband transfer a contract for land purchased on time, before the terms of the contract on his part are complied with, the wife cannot recover dower.

3. Where land is purchased by contract, and time is given for the payment of all or any portion of the purchase money, and a contract for a conveyance is entered into, the husband is not vested with such an estate as confers the right of dower, unless he pays the money and entitles himself to a conveyance.

4. If the husband has not, during his life time, been entitled to a conveyance, the wife cannot claim dower at his death, unless the purchase money shall be subsequently paid for the benefit of his heirs.

5. Sheriff's deed. — *clerical errors.* A clerical error in the recital of a sheriff's deed, will not be regarded by a court of equity, or any court, while acting upon and adjusting equitable rights.

Writ of Error to the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

Harriet Steel, the defendant in error, filed her petition in the Circuit Court of Cook county, against George I. Stow, the plaintiff in error, for the assignment of dower. The defendant answered the petition, and a replication was filed.

Upon the hearing, the court adjudged that the petitioner was entitled to dower, and entered a decree accordingly, and appointed commissioners to assign the same.

The commissioners filed their report, to which exceptions were taken and overruled by the court, and the report confirmed.

The assignment of petitioner's damages for detention of dower was submitted to the court, and assessed at $600, for which an execution was awarded. The defendant brings the case to this court by writ of error.

The facts upon which the decision is based, are fully stated in the opinion.

Messrs. Goudy & Chandler, for the plaintiff in error.

Mr. John W. Waughop, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

This was a petition for the assignment of dower, filed by Harriet Steel, in the Cook Circuit Court, against George I. Stow. It appears, that Leon Bourissa, on the 17th day of

September, 1830, purchased the lot in which petitioner claims dower, from the commissioners of the Illinois and Michigan canal, and received a certificate of purchase; but a patent was not issued to him. He subsequently conveyed the lot to Joseph LaFramboise, in the year 1834, and the latter, on the 29th of June, 1837, conveyed it to Ashbell Steel, who was then the husband of petitioner; that he died in 1861, leaving petitioner, his widow, surviving him.

A judgment was recovered against Steel in the Municipal Court of Chicago, in July, 1837, in favor of William H. Stow, and other plaintiffs, on which execution issued, was levied on the lot, and it was sold under a *venditioni exponas*, and Stow became the purchaser. A deed was subsequently made to him by the sheriff, which recites the judgment, execution, levy, etc., and then bargains, grants and sells to Stow all of the right, title and interest which he and the other plaintiffs in the execution had in the lot. William H. Stow subsequently conveyed the premises to plaintiff in error.

That Steel and wife, after the rendition of the judgment, and before the sale by the sheriff was made, conveyed the lot, together with other real estate, to Elijah K. Hubbard, by deed, containing covenants of warranty. But the lot was not redeemed by either Steel or Hubbard. It appears, that plaintiff in error applied for and received a patent in his own name, on the 2d of February, 1863, which recites the payment of the purchase money and the several conveyances from Bourissa to plaintiff in error, and that Bourissa had died. It appears, that, after the purchase, and while Hubbard had the right to redeem, Stow was to take possession and pay off a carpenter's lien for erecting an unfinished house on the lot. He went into possession after paying the carpenter $100, to satisfy his lien, and completed the building in the years 1839 and 1840, and moved into and occupied it, by actual residence, until he conveyed it to plaintiff in error in 1859, who has since occupied it by his tenants.

A reversal of the decree of the court below, finding that the widow has dower in the premises, and assigning it to her, and

the allowance of damages, is sought on various grounds. It is first insisted, that Steel never had a title to which dower could attach; that his right consisted of a mere contract for the purchase of the land, and that it fails to appear, that the purchase money was paid before he contracted for the purchase, or that he or others paid it before he conveyed to Hubbard; and the case of *Owen* v. *Robbins,* 19 Ill. 554, is referred to as supporting the proposition. In that case it was said, that, under the Revised Code of 1833, the right of dower did not attach to a mere contract of purchase which was not so far executed as to enable the purchaser, while he held it, to enforce a specific performance of the agreement; that until a contract for the purchase of lands was executed to that extent, the vendee did not hold such an equitable title as gave the wife the right to claim dower in the premises; but, under that law, if the husband died holding such a contract, and the payment of the purchase money was completed, for the benefit of the heirs after his death, then she was entitled to dower in the premises, but that she was not entitled to dower if the husband assigned or transferred the contract before receiving the conveyance.

Subsequently, in the case of *Nicol* v. *Ogden,* 29 Ill. 323, the court held that a widow's right of dower attached to an executed trust estate in lands, but would not in an executory trust. An executed trust was there defined to be a trust which vests in the beneficiary, with the present right to be clothed with the legal title. An executory trust is where the beneficiary is not yet clothed with such an equitable title, but has a mere act done, which will vest in him the equitable title; then the trust is called executory, because of the necessity of the performance of this intermediate act. In that case, it appears that the trust became executed in 1842, and the husband then had the right to be invested with the legal title, and it was held that the widow was entitled to dower. And this right accrued while the act of 1829 was in force, and against the assignee of the husband and trustee, who held the legal title. It was also said in that case, that, when the right of dower is thus vested, it can

only be relinquished by the act of the wife, in the mode pre-
scribed by the law. This case announces a different rule, as to
the assignment by the husband of an equitable estate, prevent-
ing the wife from claiming dower, from what was said in the
case of *Owen* v. *Robbins.* In the Nicol case, the point was
directly in issue, and the case turned upon it, while in the
Owen case the question was not involved. What was there
said in reference to the assignment of a contract, after it had
ripened into an executed equitable estate by the husband as
barring dower, must be regarded as overruled, and the rule
announced in Nicol's case as being the rule.

But the case of *Nicol* v. *Ogden* fully recognizes the rule
which controlled Owen's case, that the husband must hold such
an executed equitable estate as to entitle him to be invested
with the legal title, to vest the wife with the right of dower in
the premises. If the husband transfers or assigns the contract,
before it becomes so far executed, the right of the wife has
failed to attach, and she cannot recover. In case of a purchase,
and time is given for the payment of all or any portion of the
purchase money, and a contract for a conveyance is entered
into, that does not vest the husband with such an estate as con-
fers the right of dower upon the wife, unless the husband pays
the money and entitles himself to a conveyance. If the hus-
band has not, during his life, been entitled to a conveyance, the
wife will not be entitled to dower on his death, unless the pur-
chase money shall be subsequently paid for the benefit of the
heirs.

It is urged, in the case at bar, that there is no evidence in
the record by which it appears that the purchase money was
paid by Steel or those under whom he claimed, and hence Steel
was not, while the owner of the contract of purchase, entitled
to be invested with the legal title, and his widow is not there-
fore entitled to dower in the premises. If this is true, then
Steel held but an unexecuted trust, and, according to the rule
in Nicol's case, the widow's right of dower did not attach
while her husband held the contract. But it appears from the
evidence that the patent issued by the State for the lot, recites

that Bourissia, the purchaser from the State, had paid the purchase money. And, while this may not be evidence of the fact, as between third persons, yet, when we see that plaintiff in error, when he applied for the patent, placed his right to have it issued to him on the ground, among others, that Bourissa had paid for the lot, we must conclude that this is such an admission by him that the purchase money was thus paid, and is binding on him. The copies of these letters and other papers from the secretary of State were competent evidence to prove this admission, although for other purposes they might not have been evidence.

It is again urged that the sale on the execution was defective, inasmuch as the sheriff recited in his deed, that he conveyed the right and title which plaintiffs in the execution held to the lot, to Stow. This is but a clerical error which will not be regarded by a court of equity, or any court, while acting upon and adjusting equitable rights. Stow could at any time have the mistake corrected by procuring a conveyance from the proper officer. This mistake in no wise changes the rights of the parties in this proceeding.

Defendant in error having shown in this case a right to dower in these premises, the question arises whether the court below adopted the proper rule for the measure of her damages. We think the court erred in the amount allowed, and the rule adopted to ascertain the proper sum. In the case of *Bonner* v. *Peterson*, 44 Ill. 253, the questions arising in this case on the allowance of damages were before the court, and the rule which should govern in such cases was there announced.

We deem it unnecessary to again discuss those questions here, but shall content ourselves by a reference to that case.

The decree of the court below is reversed and the cause is remanded for further proceedings.

*Decree reversed.*