## HARRIET STEELE

### *v.*

## HAINES H. MAGIE.

1. DOWER—*what is not such an equitable estate—as vests the wife with right of dower.* W purchased certain premises from the State, in 1833, and before he had paid the purchase money in full, or obtained his patent, sold, and gave a contract for the same, to C. C conveyed by warranty to S, in 1835, who, in turn, also conveyed the premises to another, in November of the same year. In July, 1836, W obtained his patent, and immediately conveyed the property to C, in pursuance of his contract. *Held,* in a proceeding for dower, instituted by the widow of S, that the husband never acquired, in his own right, either the legal or equitable title to the premises, and hence, a right of dower did not accrue to his wife, the petitioner.

2. SAME. That the contract of W with the State, gave no estate in the premises, to which a right of dower would attach, and the transmission of the title to S passed no greater interest than W himself held.

3. FORMER DECISIONS. The cases of *Owens* v. *Robbins*, 19 Ill. 552; *Woolley* v. *Magie*, 26 ib. 528, and *Stowe* v. *Steele*, 45 Ill. 328, cited in support of this doctrine. The former case is not overruled by the latter, so far as regards incomplete equities.

WRIT OF ERROR to the Circuit Court of Cook county ; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case sufficiently.

Mr. JOHN W. WAUGHOP, for the plaintiff in error.

Messrs. DENT & BLACK, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition for dower, brought by Harriet Steele. One Wright purchased the premises from the State in 1833, and before he had completed the payment of the purchase money or obtained his patent, he sold and gave a contract for a deed, to one Coles. Coles conveyed to Steele, the husband of the petitioner, by deed of general warranty, in July, 1835, and in November, of the same year, Steele also conveyed by deed of general warranty. Wright did not complete the payment to the State, or receive his patent, until July 2, 1836, and on the 16th of July, 1836, he conveyed to Coles, in pursuance of his contract.

It is evident, from this statement, that Steele never had, in his own right, either the legal or equitable title to these premises. He was never in a position to claim the legal title from the State. He had merely an incomplete equity, which, in the language of the court in *Owen* v. *Robbins*, 19 Ill. 554, " might or might not ripen into a title." This was not such an equitable

estate of inheritance as is contemplated by our statute, as a basis of right of dower. In the case of *Stowe* v. *Steele*, 45 Ill. 328, we held the following language:

"The husband must hold such an executed equitable estate as to entitle him to be invested with the legal title, to vest the wife with the right of dower in the premises. If the husband transfers or assigns the contract before it becomes so far executed, the right of the wife has failed to attach, and she cannot recover."

Wright's contract with the State gave no estate in the premises to which a right of dower would attach, and his assignment to Coles, and the deed from Coles to Steele, passed no greater estate than Wright himself had held. The character of that estate was not altered; the legal title did not pass from the State, nor did the equity of the purchasers become complete until after Steele had parted with all his interest in the premises, and consequently a right of dower did not accrue to his wife. If Wright, after receiving his patent from the State, had conveyed directly to the grantee of Steele, it would hardly be contended that Steele had acquired and held by his conveyance from Coles, such an estate as would give his wife a right of dower.

But it is said, when Wright executed his deed to Coles, the legal title at once enured to Steele by virtue of the deed from Coles to him, and a right of dower then attached. But the title enured not to Steele, but to his grantee; or, if it is to be considered as passing through Steele, his instantaneous seizin was in trust for the use of his grantee, and a right of dower in a trust estate does not accrue to the wife of the trustee.

There was the same transmission of title in *Woolley* v. *Magie*, 26 Ill. 528, and in *Owen* v. *Robbins*, 19 ib. 552, and the court held it did not raise a right of dower. 1 Scribner on Dower, 426.

We regard this case as substantially like *Owen* v. *Robbins*, which was not overruled by *Stowe* v. *Steele*, so far as regards incomplete equities.

*Decree affirmed.*