MARY A. TAYLOR

*v.*

ANTON KEARN.

| 68 | 339 |
| 153 | 426 |

1. DOWER—*of what interest in land, widow is dowable.* Where the husband purchases land, and, before completing his payments or receiving a deed, executes a mortgage upon the same, and afterwards completes his payments, and the title to the land passes, under a strict foreclosure, to the mortgagee, his widow will not be entitled to dower in such land.

2. The widow is not entitled to dower in lands purchased by her husband until he acquires an equitable title therein—or, in other words, is in a position to enforce a specific performance of the contract; and if he sells or incumbers his interest before that, the assignee will take free from any claim of dower, and having so taken, no subsequent act of the husband can operate to create a dower right in the premises to the prejudice of such assignee.

3. INURING OF TITLE. Where a person having only a contract of purchase of land, mortgages the same, using the words "grant, bargain and sell," and afterwards, upon payment, a deed is made to him, the title so acquired, under the statute, inures to the mortgagee; and in equity such title will inure to an assignee of his rights under the contract without any covenants in the assignment.

4. FORECLOSURE—*relation back.* Where a party acquires title to land under the foreclosure of a mortgage it will relate back to the date of the mortgage, so as to cut off intervening equities and rights.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a petition by Mary A. Taylor against Anton Kearn, for dower. The facts of the case appear in the opinion of the court.

Mr. EDMUND S. HOLBROOK, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Complainant, in her bill, alleges that she was married to Charles Taylor in 1832, and that he departed this life in 1868; that during their marriage her husband was seized of an estate of inheritance of the lands described in the bill; that her husband purchased the same of the school commissioner of Cook county on the 24th of October, 1833, at auction, to be paid for in three annual installments, and for which he received the usual certificate of purchase; that the payments were made as they fell due, the last occurring October 25, 1836, when the commissioner gave to him a certificate that he was entitled to a patent. It had been issued on the 25th of June, 1836, and placed in the hands of the commissioner to be delivered when full payment for the land should be made, but was not, in fact, delivered to Taylor until in the year 1848, some twelve years after the alleged payment of the last installment.

The bill further alleges that, on the 10th of June, 1835, Charles Taylor executed a mortgage upon the property to one Mary Taylor, to secure the payment of $2000, which was duly acknowledged and recorded. It contained the words "grant, bargain and sell," but no other covenants either general or special; that at the Spring term of the Cook circuit court, 1840, a proceeding by *scire facias* to foreclose the mortgage was commenced by Mary Taylor against Charles Taylor alone, and he was served with process, when a strict foreclosure of the mortgage was decreed by the court, and Mary Taylor subsequently conveyed the premises by deed under which appellee holds the premises. And the bill concludes with a prayer for the assignment of dower in the premises.

Defendant filed a demurrer to the bill, which was sustained by the court, and the petition was dismissed. From that decree complainant appealed and brings the record to this court, and assigns for error the sustaining the demurrer.

Had Taylor made an absolute assignment of his certificate of purchase, instead of the mortgage, then the case would fall precisely within the facts in the case of *Owen* v. *Robbins,* 19 Ill. 545. It was there held that dower does not attach to lands merely contracted for by the husband. It was said the contract, until it was executed, is only inchoate, and may be cancelled by the parties; or it, like any chose in action, may be assigned so as to pass the equitable interest in the agreement to the assignee; that when thus sold, in equity, the title to the contract passed to the purchaser, and with it all the rights his vendor held under it; that in such a case the wife had no claim of dower in the premises, and any act her husband might perform to complete the title in his assignee could give her no right to dower; that when the last payment was made an equitable title vested in the assignee by virtue of the deed to him, and it would have equally inured to him by an assignment without, as with, the covenant of warranty. It was also said in that case the statute did not

embrace a contract for the purchase of lands which had been assigned by the husband in his lifetime.

Here, there was a conditional assignment of the contract before the second or third payment was made, and before there was any right to enforce the performance of the agreement. When the mortgage was executed, there is no pretense for saying that the mortgagor had an equitable estate of inheritance, in which his wife could hold dower in the premises. He held only a contract for the purchase, which might or not ripen into an equitable, or even into a legal title; but he held neither when he executed the mortgage. He then had no title he could convey, but a contract assignable in equity, and the mortgage only operated as a defeasible assignment, and equity would refer his subsequent payments to the benefit of the purchase, and to convert the contract into a title both legal and equitable, for the benefit of himself and the mortgagee; and when the last payment was made the equitable title was complete, and it may be, the legal title also, as the patent had then been issued but not delivered.

Under the doctrine announced in the case of *De Wolf* v. *Haydn,* 24 Ill. 529, the after acquired title in this case inured to the benefit of the mortgagee by force of the statutory covenant. But, independent of that statute, we have seen that it was held, in *Owen* v. *Robbins, supra,* that in equity the title would inure to such an assignee without the force of covenants in the assignment. It would be a fraud upon the assignee to permit the assignor, by paying the balance of the purchase money, to defeat or otherwise incumber the title already transferred. We must presume that such payments are made to acquire title, and not to destroy or incumber the title assigned. The mortgagor must have known he was perfecting the title in the mortgagee when he paid the remaining installments.

Having equitably assigned his contract with the school commissioner for the purchase of the property, the mortgagor only became a trustee in equity for the mortgagee, when he paid the purchase money and became invested with the title

which, in equity, inured to the benefit of the mortgagee. She then became, under the mortgage, entitled to the same rights she would have had if the mortgagor had paid before the execution of the mortgage. But the mortgagor nor appellant acquired any title by the payment of the purchase money as against the mortgagee. The title only passed through him to his assignee. He never had an inheritable estate free from the incumbrance of this mortgage. And appellant had no shadow of a claim for dower at the time the mortgage was executed, nor did she become invested with any such right when the last payment was made.

When her husband transferred the contract of purchase, he had no such estate as required her to relinquish her dower in the premises, as she then had no such right. Nor did any subsequent act of the husband vest her with such a right. Had he redeemed from the mortgage, then she would have for the first time become invested with the inchoate right of dower. But no such redemption was ever made. On the contrary, he permitted a foreclosure to be had, and she, in her bill, alleges that it was a strict foreclosure. This, if true, cut off the husband's rights in the premises; but even if not, the wife, we have seen, never has acquired any right of dower in the premises. She had none when the transfer was made, and acquired none by the completion of the payment of the purchase money by her husband.

The absolute transfer of all such contracts before they are performed by the purchaser, and before he has become invested with an equitable fee, undeniably pass free from all claim of dower by the wife of the assignor. And in all certificates of purchase assignable by the statute, their transfer in the mode prescribed, whether before or after the payment of the money, on the expiration of the time for redemption, manifestly precludes the wife of the assignor from afterwards claiming dower in the premises as against the assignee. Here was a conditional transfer of this contract, to render which absolute an effort was made by proceedings to foreclose, and the

husband of appellant acquiesced in and treated the foreclosure as absolute for twenty-eight years or more. So far as he was concerned he must be regarded as considering and treating the title, whatever it was, as being all in the mortgagee and her grantees, and as having no claim whatever remaining in him. He was barred, in five years, from prosecuting error, and however erroneous the foreclosure, his acquiescence in it had estopped him, long before his death, from redeeming or from being heard to say the foreclosure was irregular.

The foreclosure, although erroneous, related back to the date of the mortgage. The court had the necessary jurisdiction to render a valid and binding judgment, and it must be held conclusive upon the parties, however erroneous. And relating back to the date of the mortgage, the effect was the same as though the mortgagor had then transferred the certificate of purchase by absolute assignment.

We are, for these reasons, of opinion that the decree of the court below should be affirmed.

*Decree affirmed.*

Mr. JUSTICE SCOTT, dissenting:

I am unable to concur in the opinion of the majority of the court.

By our laws, "equitable estates shall be subject to the widow's dower, and all real estate of every description contracted for by the husband during his lifetime, the title to which may be completed after his death."

The only question raised is, whether the husband of the demandant, in his lifetime, had such title to the lands in controversy as, under this provision of the statute, her dower would attach. The facts alleged in the petition, and admitted by the demurrer to be true, are as follows: Petitioner intermarried with Charles Taylor in 1832, and her husband died in 1868. The land in which she claims dower was school land, and on the 24th day of October, 1833, the school commissioner sold it to her husband, Charles Taylor, on the usual terms, viz: three equal payments, becoming due respectively

in one, two and three years, and issued to him the usual certificate that he would be entitled to a patent on making the payments of the purchase money. The patent was issued on the 26th day of June, 1836, to be delivered to him on full payment.

The payments were made as they severally matured, and although the patent was in the hands of the commissioner before the last payment became due, it was not actually delivered to him until 1848. Still it must be regarded as having been in the hands of the commissioner for the benefit of Taylor, and operated as effectually to invest him with the title which the State had, as though it had been all the time in his own hands.

On the 10th of June, 1835, Taylor executed a mortgage on the premises to Mary Taylor, to secure certain indebtedness. The mortgage contained in the granting clause the words, "grant, bargain and sell," but no covenants of warranty, general or special, other than what the law would imply from the use of those words.

In 1840, it is alleged, certain proceedings were had by *scire facias* in the name of the mortgagee against the mortgagor alone, whereby a strict foreclosure, it is said, was decreed by the court, and thereafter Mary Taylor conveyed the lands covered by the mortgage by deed, under which appellee holds such title as he has to the premises. It is exceedingly doubtful whether any title passed under these proceedings, but that is not a question in this case, at least it is not material to the decision.

It is claimed that Taylor had neither the legal nor such equitable estate in the lands in which his wife would be dowable.

The objection is based on the ground Taylor had only a contract to purchase the property; that he parted with *all* his interest in the premises before the payment of the purchase money. Hence it is said, when he took the patent the title passed *eo instanti* to the mortgagee, or to those claiming under her.

The objection is not founded in fact. Taylor had not parted with *all* his interest prior to the payment of the purchase money, and he was therefore in a position to receive the legal title. He had previously incumbered whatever title he had, with a mortgage. It was not an absolute conveyance, but was subject to a defeasance contained in the instrument itself, and the title conveyed could be defeated at any moment by payment of the mortgage indebtedness. His equity of redemption had not been foreclosed prior to the payment of the entire consideration and the issuing of the patent. He stood, therefore, in a position to take the legal title to his own use, so that, upon the removal of the incumbrance, a fee simple estate would vest in him.

Prior to the foreclosure, the estate in Taylor was an estate of inheritance that would descend to his heirs in case of his death. He then had the present right to be clothed with the legal title. But it is insisted he took the legal title in trust for the benefit of the mortgagee. Had his equity of redemption been foreclosed before Taylor was in a position to enforce a specific performance of his contract, the argument would have force. Such is not the case. The fact he had previously mortgaged his interest would not bar his right to enforce a specific performance of the contract, had the State refused to issue the patent. It could not then be known that he would not remove the incumbrance. Had he done so, of course his title would have been perfect.

It is apparent, then, the demandant's husband had an equitable estate of which he could only be deprived by foreclosure of the mortgage, and to which, under our statute, her dower would attach. Having once attached, her dower could only be barred or released in some appropriate manner prescribed by law. This view of the law, it seems to me, is abundantly sustained by the decisions of this court.

In *Stowe* v. *Steele*, 45 Ill. 328, it was declared the wife was entitled to dower where the husband held such equitable estate as entitled him to be invested with the legal title.

The case of *Nicol* v. *Ogden*, 29 Ill. 323, enunciates the same general principles.

The case at bar can clearly be distinguished from *Owen* v. *Robbins*, 19 Ill. 545, in its facts as well as the principle upon which the decision is based: There, the husband of the demandant had a contract of purchase, but before he was in a position to enforce a conveyance, he parted with all his interest in the premises, so that no estate whatever remained in him. It was decided, and very properly, that when he took the legal title, it was in trust, and passed instantly to his grantee. The principle which ought to control the decision of this case was there distinctly recognized, that if the husband, at the time of his death, had been in a position to enforce a conveyance of the land by bill for specific performance, his widow would have been dowable in the lands.

The same may be said of *Steele* v. *Magee*, 48 Ill. 396. There, the husband had contracted for certain lands, and before he had paid the purchase money in full or obtained a patent, he sold his entire interest in the premises, and it was held, as in *Owen* v. *Robbins*, *supra*, the widow was not entitled to dower.

In both those cases the assignees were entitled to the legal title, and if any one could enforce a specific performance, it was the assignees, and not the original purchasers. The latter were never in a position to have the contracts executed in their favor. Notwithstanding the title passed through the original purchasers, their instantaneous seizin was in trust for their grantees, and it is now the settled doctrine of this court that such trust estates are not subject to the widow's dower. But that principle has no application to the case at bar. Here, the husband of the demandant had never alienated his entire interest in the lands. It was, at most, a conditional sale. He still retained his equity of redemption, which is itself an equitable estate of inheritance, and upon being clothed with the legal title, as he was, had he removed the incumbrance resting upon it, as he had the clear right to do,

an estate in fee simple would have vested in him subject to no defeasance.

If the legal title conveyed by the State to Taylor passed instantly to the mortgagee, as is claimed, what reason was there for foreclosing the mortgage? Had the mortgagee taken the title conveyed by the patent, it was the paramount title, and certainly nothing more was needed. But this view is illogical, and can not be maintained. The legal title did not pass absolutely until the mortgagor's equitable title had been foreclosed, and this was not done for some years after the issuance of the patent to the mortgagor. The fact the mortgagor afterwards suffered the mortgage to be foreclosed, and thereby became deprived absolutely, both of his equitable and legal title to the lands, could not affect the widow's right of dower. She was not a party to those proceedings, and was in nowise affected by them. Her dower had previously attached, and had never been barred or released in any manner known to the law.

In my judgment the decree of the court below ought to be reversed.