(61 Misc. Rep. 186.)

BAKER v. BAGG et al.

(Supreme Court, Special Term, Onondaga County. November, 1908.)

DOWER (§ 44*)—ESTATES AND INTERESTS SUBJECT—ASSIGNMENT.

A father died intestate, leaving real and personal property. His son, prior to the father's death, had assigned all interest in the estate of his father which he might acquire after his death, and authorized the assignee to take possession of the property so assigned. *Held*, that the wife of the son had no dower in the real estate of the father, which descended to the son, subject to the right of the assignee to enforce the rights acquired under the assignment.

[Ed. Note.—For other cases, see Dower, Dec. Dig. § 44.*]

Action by Sina Baker against Thomas J. Bagg and others for partition. Judgment rendered.

Homer & Waldo Weston, for plaintiff.
Clarence Austin, for defendant Ida Tibbitts Bagg.

ANDREWS, J. It appears that one Thomas A. Bagg died on October 10, 1905, intestate and seised of certain real estate. There survived him various heirs at law, and among others his son, Thomas J. Bagg, who is the husband of the defendant Ida Tibbitts Bagg. On February 20, 1903, Thomas J. Bagg, being then married, for a valuable consideration, by an instrument in writing, sold, assigned, transferred, and conveyed to the plaintiff, Sina Baker, all the interest in and to the real and personal estate of his father, Thomas A. Bagg, which he then had or might have after the death of his said father, and authorized and empowered the said Sina Baker to take possession of the same. He further agreed to execute any other papers necessary to convey to her the full and complete title thereto.

The question arises whether, under these circumstances, Ida Tibbitts Bagg is entitled to an inchoate right of dower in the real estate which, except for this instrument, would have descended to Thomas J. Bagg. At common law the mere expectancy or chance of succession of an heir apparent was not assignable by deed; but it is held in this state that although no immediate estate will vest by the conveyance

of such expectancy, and while it does not transfer the legal title thereto, an assignment thereof may be enforced in equity as a contract after the ancestor's decease, if made bona fide and for a valuable consideration. 4 Cyc. 15; 13 Cyc. 529; Stover v. Eyclesheimer, *42 N. Y. 620. The situation, therefore, was this: Upon the death of Thomas A. Bagg, his son, Thomas J., became seised as a tenant in common of his father's real estate. It descended to him subject, however, to the right of Sina Baker to enforce in equity the rights which she had acquired under the assignment.

The proposition is well settled that if, during the coverture, a husband becomes seised of land for his own use and benefit, although but for a moment, right of dower attaches; otherwise it does not. 14 Cyc. 893; 1 Scribner, Dower, 278. Further, the claim to dower is derived through the husband's seisin during coverture. It is subject to any claims that are superior to his rights at the time of the coverture. If, when he obtains seisin, any liens exist upon the land, or any claims against it in law or equity, dower can be obtained only subject to those liens. 1 Scribner, Dower, 591. If, also, a man create charges upon his land and then marries, such charges are superior to the claim of dower. Mere seisin, therefore, is not enough. It must be a beneficial seisin. If A. is seised in trust for B., A.'s wife has no dower. If A. is a mere conduit, through whom the title passes from B. to C., she has none. Nor has she if, before the marriage, A. has contracted to sell to B. Nor has she as against a purchase money mortgage or a vendor's lien.

In the case at bar, Thomas J. Bagg had seisin of this land. But it came to him subject to the equitable claim of Mrs. Baker. True, that claim arose after his marriage with Ida Tibbitts Bagg. But that is immaterial. It arose before the seisin. It was not a fraudulent claim. It was one the parties had a right to create. While its effect was to deprive Ida Tibbitts Bagg of the inchoate right of dower she would otherwise have obtained, that result was simply incident to the transaction. The only escape from this conclusion is to hold that, for an instant of time between his father's death and the moment when Mrs. Baker's rights sprang into being, Thomas J. Bagg acquired a beneficial seisin of the land. It is true that the claim to dower is always to be favored, but such a holding would be the purest fiction. In reality there is no such instant. Any rights Mr. Bagg might have from the very moment he acquired them were subject to Mrs. Baker's equity. The assignment was not something that took effect five seconds or five minutes after the father's death. This death, which fixed the son's rights, at the same time fixed the rights of Mrs. Baker.

The cases are not strictly analogous, but it has been repeatedly held that, where A. is seised of a remainder expectant upon the life of B., he may convey it to C. during coverture, and upon B.'s death C. takes the estate free from any claims of dower on the part of A.'s wife. Shoemaker v. Walker, 2 Serg. & R. (Pa.) 554; Otis v. Parshley, 10 N. H. 403; Dunham v. Osborn, 1 Paige, 634; Gardner v. Greene, 5 R. I. 104. So where A. holds a certificate of purchase from the state, pays a portion of the purchase price during coverture, then conveys the premises by deed, and subsequently acquires a patent, his title

inures to his grantee free from dower. Owen v. Robbins, 19 Ill. 545; Wooley v. Magie, 26 Ill. 526. There is no moment between the time when he receives the patent and the time when his deed takes effect during which he has such beneficial seisin as to support a claim for dower.

The case in this state most nearly in point is Sherwood v. Vandenburgh, 2 Hill, 303, but it does not determine the question at issue here. Micajah Sherwood, a soldier of the Revolution, died in 1778. His heir at law, James Sherwood, was married. In 1786 the latter conveyed to Nathan Paddock all lands that might thereafter be appointed to Micajah as a gratuity for his services. Such a gratuity was made in 1792, when a patent was issued to Micajah. The Legislature, in 1803, enacted that lands granted by such patents should be deemed to have been vested in the patentees at the time of their deaths. The court held, erroneously as was afterward determined in Sparrow v. Kingman, 1 N. Y. 242, that Paddock was estopped from denying seisin in his grantor, and that the widow of James was, therefore, entitled to dower. But Chief Justice Nelson, relying on the act of 1803, also said that thereby the title was vested in Micajah as of the time of his death. Thence it descended to James just as if Micajah had been actually seised. His widow, therefore, was clearly entitled to dower. On the other hand, Judge Cowen evidently believed the statute had no application. The heir at law parted with property that might or might not be thereafter granted to Micajah. When it was so granted, the legal title descended to the heir; but "he was never seised of any interest beneficial to himself, but, on the contrary, only for an instant, and that for the benefit of Nathan Paddock, his grantee. * * * Such a seisin is not sufficient to confer any right on the widow." Judge Bronson concurred in the result reached by the court, on the ground of estoppel, as appears by his opinion in Sparrow v. Kingman.

In my opinion, therefore, Ida Tibbitts Bagg is not entitled to dower in any part of the real estate formerly belonging to Thomas A. Bagg.

Ordered accordingly.