(17 App. Div. 146.)

JAYCOX v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

1. LIS PENDENS—EFFECT—CLAIMS OF THIRD PERSON.
A notice of lis pendens affects only the claims of parties to the action.

2. MORTGAGES—FORECLOSURE—TITLE OF PURCHASER.
The title of the purchaser at a foreclosure sale relates back to the date of the mortgage.

Appeal from circuit court, Schuyler county.

Ejectment by James A. Jaycox against Earl V. Smith and another. From a judgment in favor of plaintiff entered on a decision made by the court without a jury, defendants appeal. Reversed.

The plaintiff's title is thus derived: Bernardus Swartwout is the common source of title. He conveyed the 50 acres in question by deed recorded April 10, 1867, to John F. Stillwell, retaining an equitable lien thereon for $1,500 of the unpaid purchase money. January 18, 1883, Swartwout commenced an action in this court against Minor T. Jones individually and with others, as administrators of said Stillwell, then deceased, and against Stillwell's widow and his heirs at law, and other lienors, except Sherman Tichenor, a mortgagee, under whom defendant claims, filing notice of lis pendens March 28, 1889, and obtained judgment therein, April 4, 1894, for the foreclosure of his lien and the sale of the premises. The premises were sold under this judgment to the plaintiff by referee's deed, May 17, 1894. The plaintiff's title is clear, unless the defendant's title, obtained under the Tichenor mortgage, is better. The defendant's title is thus derived: John F. Stillwell entered into possession on the date of the deed from Swartwout to him, and retained possession until his death, intestate, April 26, 1880. He also owned and was in possession of 300 acres of adjoining lands. April 13, 1880, John F. Stillwell executed three mortgages upon the 50 acres and his other lands. In two of them Minor T. Jones was mortgagee. Stillwell gave the third mortgage, junior to the two mortgages to Jones, to Levi H. Owen, who assigned it to John R. Bates, who in an action against Minor T. Jones and the mortgagees in the two mortgages of the same date, and the widow and heirs of John F. Stillwell, and not including Bernardus Swartwout, obtained judgment of foreclosure, April 21, 1881, under which the mortgaged premises, including the 50 acres in question, were sold to Minor T. Jones; the sheriff's deed of sale to Jones bearing date June 4, 1881, and being recorded September 8, 1881. Thus, according to the paper and record title, Jones became the owner of the premises, including the 50 acres. December 28, 1881, Jones gave a mortgage, recorded that day, to Sherman Tichenor, for $11,000, upon the entire premises. Tichenor had no notice of Swartwout's equitable lien. It was decided in Swartwout's judgment that Jones had notice of it. Tichenor subsequently died, and his executor foreclosed this mortgage in an action against Jones and his tenants in possession, judgment

being entered January 27, 1890. The referee appointed to make the sale offered the premises for sale in one parcel, pursuant to the direction of the judgment. His report of sale recites that he struck the same off to Minor T. Jones and Earl V. Smith. By previous arrangement or contract between Jones and the defendant Earl V. Smith, Jones bid off the premises, and, pursuant to such arrangement, the referee gave to the defendant Smith the deed, dated April 1, 1890, and recorded two days later, for the 111½ acres, including the 50 acres here in question; the referee's deed reciting: "At which sale the premises hereinafter described were struck off to the said party of the second part [Smith] for the sum of $5,017, that being the pro rata proportion of the highest sum bidden for the same." The deed recites the payment by the defendant of such sum as the consideration. Smith entered into possession, and still retains the same. This is his title. The trial court held that Jones was the purchaser of the premises at the Tichenor foreclosure sale; that the defendant Smith was his legal privy, and bound by the judgment foreclosing Swartwout's equitable lien, as he purchased after the lis pendens was filed therein,—and therefore gave the plaintiff judgment for the possession of the premises.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN,. JJ.

Gabriel L. Smith, for appellants.
Frederick Collin, for respondent.

LANDON, J. The defendant's title to the 50 acres in question, if directly acquired under the Tichenor foreclosure, relates back to the date and record of the Tichenor mortgage, namely, December 28, 1881. Protestant Episcopal Church v. Mack, 93 N. Y. 488; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856; McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21. Jones, when he gave that mortgage to Tichenor, had a record title to the 50 acres, good upon its face, derived through Stillwell's mortgage to Owens. Swartwout did not commence his action against Jones and others to foreclose his equitable lien upon the 50 acres until January 18, 1883. He did not make Tichenor a party to that action. The judgment in that action therefore in no way affected Tichenor's mortgage. Campbell v. Hall, 16 N. Y. 575; Zoeller v. Riley, 100 N. Y. 102, 2 N. E. 388; Masten v. Olcott, 101 N. Y. 152, 4 N. E. 274; Foster v. Earl of Derby, 1 Adol. & E. 783. Tichenor was a mortgagee of the whole 350 acres, including the 50 in question, in good faith, for value, namely, $11,000, the amount expressed in the mortgage. Wood v. Chapin, 13 N. Y. 509; Lacustrine Fertilizer Co. v. Lake Guano & Fertilizer Co., 82 N. Y. 476. The learned trial court, as we see by his holding upon the trial and by his opinion, refused to find that Swartwout was in possession of the 50 acres at the time Jones gave the mortgage to Tichenor, and thus that Tichenor was not charged with notice of Swartwout's equitable lien. We have examined the evidence in that respect. It shows that when Jones gave the mortgage to Tichenor, Swartwout was not living upon the 50 acres, but was working the same on shares under Jones and the Stillwell estate. Knowledge of those facts would not have impaired Tichenor's mortgage. Probably Tichenor was not made a party to the Swartwout action because it was not thought to be safe to challenge his rights under his recorded mortgage. Thus the recording act protected the Tichenor mort-

gage against the unrecorded lien of Swartwout and against his subsequent judgment foreclosing it. The Tichenor mortgage was foreclosed, and the 50 acres in question sold to the defendant under the judgment therein, during the pendency of the Swartwout action; judgment being entered January 27, 1890. Swartwout filed notice of lis pendens in his action, March 28, 1889. The notice of lis pendens filed in the Swartwout action was notice to all the world to beware of acquiring any of the rights in that litigation from any of the parties thereto, but, as Tichenor was not a party, nor his rights in litigation, in that action, the notice of lis pendens in no wise affected him or them, and therefore in no wise affected the defendant's title under Tichenor's mortgage. Code Civ. Proc. § 1671; Kursheedt v. Saving Inst., 118 N. Y. 358, 23 N. E. 473; Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40. This must be so; otherwise Swartwout, by filing a notice of lis pendens after he had lost the priority of his equitable lien over Tichenor's mortgage, could reacquire that priority against any purchaser upon the foreclosure of that mortgage; thus nullifying the mortgagee's protection under the recording act, and also the rule that places a purchaser under the foreclosure of the recorded mortgage under the same protection as the mortgagee. Lacustrine Fertilizer Co. v. Lake Guano & Fertilizer Co., supra; Wood v. Chapin, supra.

The learned trial judge held that the defendant was the legal privy of the mortgagor, Jones, deriving title under him, and therefore, as we infer, charged by the Swartwout judgment with the priority of Swartwout's equitable lien. Aside from the notice of lis pendens in the Swartwout action, disposed of above, this view seems to rest upon the fact that at the Tichenor foreclosure sale Jones, in pursuance of a previous understanding with the defendant, bid off the whole mortgaged premises in one parcel, but really 111½ acres of them for the defendant, and the rest for himself. It is unimportant whether defendant bid off the premises in person or by another. It is not the person of the bidder that determines the nature of the title acquired under a foreclosure sale, but the judgment, and the conveyance given under it to the real purchaser. It is the "conveyance upon a sale made pursuant to a final judgment in an action to foreclose a mortgage" that vests the title. Code Civ. Proc. § 1632. Such conveyance vests in the person to whom it is given the title of both mortgagor and mortgagee (Id.), and relates back to the date of the mortgage, as we have stated above. Assuming, but not deciding, that whatever knowledge Jones had while acting as the bidding agent of the defendant was imputable to the defendant, and in like manner further assuming that at the foreclosure sale the defendant knew every fact connected with the title, the result would be that he knew that if Jones should, under the Tichenor foreclosure, take title to the 50 acres, Swartwout's original equity in it might reattach, but would not attach if defendant himself should take the title. Clark v. McNeal, 114 N. Y. 287, 21 N. E. 405. And he also knew that whatever was defective in the title from Jones as mortgagor would be supplied by title from Tichenor as mortgagee. But this is of

no importance, since defendant took his title under the foreclosure
judgment, and not otherwise.

Our conclusion is that the plaintiff's title was subject to the
Tichenor mortgage, and that this mortgage was valid; and defend-
ant, holding title under the judgment foreclosing it, has, upon the
record before us, the better title to the 50 acres. As Swartwout
was not a party to the foreclosure of the Tichenor mortgage, we
do not intend by this decision to prejudice any facts which may be
adduced hereafter, either to subject it to his judgment or other-
wise to impeach it.

Judgment reversed; new trial granted; costs to abide the event.
All concur.