## WARREN SPRINGER

*v.*

## HARRY DARLINGTON.

*Opinion filed June 19, 1902—Rehearing denied October 8, 1902.*

1. RES JUDICATA—*doctrine is not limited to things actually litigated.* The doctrine of *res judicata* is not limited to those things which are actually pleaded and litigated, but extends to every other matter properly involved in the litigation which might have been raised and determined therein.

2. SAME—*when claim of easement is barred by foreclosure decree.* If a defendant in foreclosure makes no claim to an easement in the premises, such claim is barred after the period of redemption has passed, where the foreclosure decree provides that if the premises are not redeemed the defendant shall be forever barred from all equity of redemption, and all claim in, of and to the premises.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

M. B. GEARON, (W. N. GEMMILL, of counsel,) for appellant.

LOESCH BROS. & HOWELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Hibbert J. Lehman was tenant of premises in Chicago at the north-west corner of Canal street and Jackson boulevard under a lease dated May 21, 1889, for a term of ninety-nine years from June 1, 1889. On February 11, 1890, he entered into a written agreement with appellant, by which appellant agreed to furnish steam to a building on said premises called "Excelsior Block," for five years, commencing May 1, 1890, and ending April 30, 1895. The steam was to be delivered through the street curb wall by supply pipes, and in consideration thereof Lehman agreed to pay appellant $45,000, as provided in the agreement, and to furnish appellant such space as might be required inside the curb wall or through the said Excelsior Block for the extension and maintenance of the supply pipes, or any of them, to the premises and building of appellant north of and adjoining said Excelsior Block, to enable appellant to also supply steam to his own building. The agreement stated that it was to run with the land and bind the land in the hands of whomsoever it might be, and should bind the heirs, devisees and assigns of Lehman. After making this contract appellant proceeded to lay the steam and supply pipes in the Excelsior Block and extend them to his own property on the north. On March 8, 1890, Lehman borrowed $275,-000 from Jacob N. McCullough, and secured it by a trust deed on the premises, which was recorded March 15, 1890. On March 18, 1890, Lehman became the owner of the fee

of the premises, and on March 20, 1890, he executed a trust deed conveying the premises to secure a note of $15,000 to appellant. The contract between Lehman and appellant was recorded September 8, 1890. On November 14, 1890, Lehman conveyed to appellant the premises by a warranty deed, which, by its terms, was made subject to the trust deed of March 8, 1890, to secure the loan of $275,000. After this conveyance to appellant he was in possession of the Excelsior Block and premises. McCullough died, and the trustees under his last will and testament intervened in a mechanic's lien proceeding in the circuit court of Cook county by a cross-bill to foreclose the trust deed securing the loan of $275,000. Appellant was defendant to the bill to foreclose, and answered it, and filed a cross-bill setting up alleged equities to the effect that the trustees had agreed to extend the loan or make a new loan. On a hearing, appellant's cross-bill was dismissed for want of equity, and the court entered a decree of foreclosure directing a sale of the premises by a special commissioner. The decree provided that if the premises should not be redeemed, the defendants, and all persons claiming under them, should be forever barred and foreclosed from all equity of redemption and all claim in, of and to said premises, and every part thereof, and that the special commissioner, or his successor, or any master in chancery of said court, should execute a deed of conveyance to the holder of the certificate of sale. A sale was made under the decree to the trustees and was confirmed by the court. There was no redemption, and a deed was executed to the purchasers and they became the owners in fee. Appellee is the sole surviving trustee under said will. After this proceeding, appellant filed the bill in this case in the circuit court of Cook county on November 19, 1901, alleging that by the contract with Lehman he acquired a perpetual easement in the nature of a private alley in said premises for the maintenance of the steam supply pipes through the Excelsior Block for the

purpose of supplying steam to his building on the north, and he prayed the court to establish his right to such easement, and to perpetually enjoin appellee from interfering with his use of the strip of land where the same was located, as a private alley. A preliminary injunction was granted, which was dissolved on a hearing and the bill was dismissed for want of equity. Appellant prosecuted this appeal from that decree.

Not conceding that appellant acquired any easement beyond the term of five years, or that such easement was not merged in the fee when he acquired it on November 14, 1890, it is a sufficient and conclusive answer to his claim that every right and interest which he had in the premises were settled in the foreclosure suit and cannot be again litigated. By the decree in that case, and the sale and conveyance thereunder, every claim and interest in and to the premises which he then had were forever barred and terminated. He did not set up the claim which he now makes, in his answer or cross-bill in the foreclosure suit; but the doctrine of *res judicata* is not limited to those things which are actually pleaded and litigated, but it extends to every other matter properly involved in the litigation which might have been raised and determined in it. The decree swept away every defense that might have been made in the foreclosure suit. (*Bennitt* v. *Star Mining Co.* 119 Ill. 9.) If appellant had any easement in the premises not subject to the lien of the trust deed he might have set up his claim in the foreclosure suit. He is now precluded from asserting any interest or estate in the premises, and cannot avoid the conclusive effect of the decree by setting up this new claim, which he says was not subject to the trust deed.

The decree is affirmed.                    *Decree affirmed.*