(No. 23306.—

ALICE E. KIRKHAM *et al.* Appellees, *vs.* B. A. HARRIS, Appellant.

*Opinion filed December 19, 1935.*

ASA J. WILBOURN, for appellant.

GEORGE E. MARTIN, and D. B. REID, for appellees.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On October 1, 1925, Alice E. Kirkham and her brother-in-law, Wendell B. Kirkham, being owners as tenants in common of a farm of about eighty-six acres in Alexander county, executed and delivered a mortgage thereon, in which their respective spouses joined, to secure a note of that date signed by such four persons, for the sum of $2500. On May 16, 1932, Alice E. Kirkham acquired the note and mortgage through a series of *mesne* assignments from the original mortgagee, and on September 26 following, assigned the same to B. A. Harris, hereinafter called the defendant. The amortization payment due October 1, 1931, and subsequent payments due, being in default, Harris filed

a bill to foreclose the mortgage at the October term, 1932, of the circuit court of Alexander county. Alice E. Kirkham entered her appearance in writing as a defendant in that cause. A decree of foreclosure followed. Harris bid in the premises at the sale thereunder on November 5, 1932, and received a certificate of purchase from the master. On October 19, 1933, for a purported consideration of $1000, Harris assigned to John E. Crockett, one of the appellees herein, an undivided one-half interest in the certificate of sale, excepting therefrom a sixteen-acre tract described therein. On February 3, 1934, Alice E. Kirkham and Crockett, as plaintiffs, filed their original complaint, and later their second amended complaint in equity, in the circuit court of Alexander county against the defendant, Harris, which complaint recited the original ownership of the premises by Alice E. Kirkham and Wendell B. Kirkham, the execution of the foregoing note and mortgage, its later purchase by and transfer to the plaintiff Alice E. Kirkham and the assignment thereof by her to the defendant, and then charged, in substance, that the assignment to him was made by her to secure the defendant as one of the bondsmen of Wendell B. Kirkham, as treasurer of a drainage district; that it became necessary to foreclose the mortgage in order to acquire the undivided one-half interest of Kirkham in the premises; that the foreclosure suit was brought by Harris at her request; that he bid in the premises at the sale for her use and benefit; that she paid all the costs and expenses incident to the foreclosure proceedings; that the assignment of the undivided one-half interest in the certificate of sale, excepting said sixteen-acre tract, was made by Harris to Crockett at her request, and that the $1000 consideration therefor was used by her in discharging the liability of the defendant as surety on the treasurer's bond of Kirkham; that Kirkham on October 7, 1933, filed his final report as such treasurer, which was approved by the court and Kirkham's liability duly dis-

charged; that thereby the said Alice E. Kirkham and the defendant, Harris, were completely exonerated as sureties on said bond; that upon the approval of Kirkham's accounts as treasurer and the liquidation thereof by him the consideration for which the mortgage was assigned to the defendant no longer existed, and that Harris had no further lawful right to have, hold or retain the assignment of the mortgage subsequently merged in the certificate of purchase. The complaint further alleged Harris' refusal to assign his apparent alleged interest in the certificate of sale to the plaintiff Alice E. Kirkham. The relief prayed was that the defendant be ordered to assign the remaining interest in the certificate of purchase to her, that the master be restrained from making a deed of the premises to the defendant *pendente lite,* and that a hearing be had on the issue.

The defendant filed his answer denying lack of consideration in the assignment of the mortgage to him by Alice E. Kirkham, denying the foreclosure was at her request or that she paid the expenses thereof, and denying the assignment was made to Crockett at her request, claiming ownership of the certificate, except such part as had been assigned to Crockett, and pleading the foreclosure proceeding, including the decree therein, as *res adjudicata,* estoppel by judgment and estoppel by verdict.

The cause was tried before the chancellor and a decree entered for the plaintiffs, directing an assignment to Alice E. Kirkham of the interest of the defendant in the certificate, and in default thereof directing the master to convey the premises to the plaintiffs.

At the time of the filing of the original complaint in the instant cause no deed had been issued by the master, nor could it properly have been issued, as the time for redemption by judgment creditors of the mortgagee owners had not expired, nor has a deed for the premises since been issued by the master. If the right to the ownership of the

certificate is established as prayed in the present proceeding and thereafter a deed is issued by the master to the then owners of the certificate, so far as Alice E. Kirkham is concerned it would leave the title to her asserted one-half interest in the premises where it was at the time of the filing of the complaint in foreclosure. She would, of course, in addition, thereby acquire title to the other half interest in the sixteen-acre tract. There is no contest as to the ownership by John E. Crockett of the one-half interest in the certificate subject to the exception of the sixteen-acre tract. The real issue involved here is the ownership of the interest in the certificate appearing in Harris. That a deed may subsequently issue for the premises to the owners of the certificate is a mere incident to such ownership. It necessarily follows that a freehold is not involved. *Parsell* v. *Parsell,* 356 Ill. 183; *Kagy* v. *Luke,* 357 id. 512.

The cause is hereby ordered transferred to the Appellate Court for the Fourth District.

*Cause transferred.*