THE TAYLORVILLE SAVINGS LOAN AND BUILDING ASSOCIA-
TION, Appellant, *vs.* W. B. MCBRIDE *et al.* Appellees.

*Opinion filed October 21, 1938.*

JOHN E. HOGAN, for appellant.

HERSHEY & BLISS, and DANIEL H. DAILEY, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

The Taylorville Savings, Loan and Building Association filed a complaint in the circuit court of Christian county against W. B. McBride and others, seeking to have a certificate of redemption from a foreclosure sale declared null and void. The complaint was dismissed for want of equity and plaintiff has appealed directly to this court, alleging that a freehold is involved.

The property in question was owned by Rose and Philip Schreider who executed a mortgage on it to plaintiff to secure a loan of $3000. Plaintiff subsequently foreclosed and

the property was purchased by it at the master's sale. After the twelve-month period of redemption had expired, and a few days before the expiration of the fifteen-month period, McBride secured a note for $1200 from the Schreiders, payable to his secretary. Immediately thereafter he entered judgment on the note and, upon payment of the mortgage indebtedness, interest and costs, received a certificate of redemption from the master. After the fifteen-month period expired, plaintiff presented its certificate to the master and demanded a deed but was informed that McBride had already redeemed. This suit was instituted to cancel the certificate of redemption issued to McBride and to compel the master to issue a deed to plaintiff. The sole issue involved is the right of McBride to redeem from the foreclosure sale. No deed to the mortgaged real estate was issued by the master.

Where the controversy, as in this case, is between rival claimants seeking to redeem from foreclosure sale, this court has no jurisdiction on direct appeal. Plaintiff claims the property in question under a certificate of purchase, but this merely vests it with the right to receive the redemption money if redemption is made, or, if not, to receive a master's deed. (*Williams* v. *Williston,* 315 Ill. 178.) McBride has only a certificate of redemption which, if valid, merely entitles him to the rights formerly held by the original purchaser. (*Sutherland* v. *Long,* 273 Ill. 309.) Title to the property is not involved in this proceeding because, until the master's deed is issued, title remains in the mortgagor. (*Sutherland* v. *Long, supra.*) Nor would a determination by us of the right of McBride to redeem result in the gain or loss of a freehold. (*Lennartz* v. *Boddie,* 304 Ill. 484.) We have repeatedly held that the word "freehold," as used in the Practice act, "does not include the mere right to do that which in equity would entitle a party to a freehold." (*Lennartz* v. *Boddie, supra; Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Ryan* v. *Sanford,* 133 id. 291; *Peter-*

*son* v. *Peterson,* 264 id. 121; *Parsell* v. *Parsell,* 356 id. 183.) The fact that the successful party here will be entitled to a deed to the premises is not sufficient to confer jurisdiction upon us by direct appeal. *Kirkham* v. *Harris,* 362 Ill. 210.

The cause is transferred to the Appellate Court for the Third District.