(No. 25028.—

DAISY E. DAVIS, Appellant, *vs.* S. T. OLIVER, Deputy Receiver, *et al.* Appellees.

*Opinion filed April 17, 1939.*

THOMAS F. REILLY, for appellant.

F. B. BENNETT, HENRY L. COWLIN, WALTER F. KELLEY, and CHARLES P. BARNES, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Daisy Davis filed her bill of review in the circuit court of McHenry county to set aside a foreclosure proceeding. It appears appellant and her husband were the owners of certain subdivision property consisting of a large number of unimproved lots; that, in 1927, two deeds of trust were executed to Lynn Richards, trustee, covering most of said lots, to secure one loan of $25,000 and a second loan of $7662.93; that, in 1930, all lots described in said two mortgages were conveyed by appellant to the Woodstock State Bank, as trustee, for the purpose of carrying out the terms of a certain trust agreement, known as trust 53, by which said bank could sell and convey any of said lots and apply the proceeds as specified in said trust agreement.

In 1931, Richards, trustee, filed a bill to foreclose the two trust deeds above mentioned. The Woodstock State Bank, as trustee, filed a cross-bill setting forth all its rights and duties under said trust agreement. By stipulation between appellant and the holders of the notes under the Richards trust deed, fifty-two lots were dismissed from the foreclosure so that the Woodstock State Bank, as trustee, could complete certain sales of lots under the trust agreement to purchasers and apply the money on the mortgages, and for other purposes set out in the trust agreement.

There were fourteen lots in the conveyance to the Woodstock State Bank not described in the trust deeds to Richards, trustee. Mechanic liens had in the meantime been filed against the property. In April, 1936, a stipulation was entered into between appellant and her creditors by which all of the lots but two were to be conveyed by her to the Woodstock State Bank, as trustee, and all of appellant's indebtedness cancelled, and all of her rights in all said lots, except two, ended. A consent decree was entered by the circuit court on August 8, 1936, and no appeal ever taken.

The bill of review was filed on August 8, 1938, and an amended bill on August 11, 1938, and on October 18, 1938, a motion to strike the amended bill of complaint was allowed and an appeal prosecuted to this court.

It is not apparent how this court has jurisdiction. None of the errors assigned justifies a direct appeal. A freehold is not involved where it appears the title to all the real estate in question is vested in another, under a trust agreement, as a successful appeal by the appellant would not take the title away from the trustee, as that would, of necessity, depend upon the terms of the trust. The word "freehold" as used in the Civil Practice act "does not include the mere right to do that which in equity would entitle a party to a freehold." *Taylorville Savings Loan and Building Ass'n* v. *McBride,* 369 Ill. 544; *Peterson* v. *Peterson,* 264 id. 121; *Swinson* v. *Sodaman,* 369 id. 442.

No ground of appeal to this court is suggested by either appellant or appellee. The case is accordingly transferred to the Appellate Court for the Second District.

*Cause transferred.*