(No. 26242.—

The Liberty National Bank of Chicago, Trustee, Appellee, *vs.* John Lux *et al.* Appellants.

*Opinion filed November 24, 1941.*

Joseph F. Elward, (Raymond F. McNally, Jr., of counsel,) for appellants.

Maurice A. Barancik, (Howard M. Rich, and John L. East, Jr., of counsel,) for appellee.

Mr. Justice Farthing delivered the opinion of the court:

A complaint in equity was filed in the circuit court of Cook county to declare the existence of a perpetual ease-

ment against property in which appellants were part owners, and to enjoin them from interfering with the use of such easement. The circuit court found in favor of the plaintiff. A perpetual easement, or one of indefinite duration involves a freehold, and hence the appeal comes to this court. *Espenscheid* v. *Bauer*, 235 Ill. 172; *Foote* v. *Marggraf*, 233 id. 48; *Burke* v. *Kleiman*, 355 id. 390.

December 3, 1928, Harriet Lawley owned in fee the south 100 feet of lots one to six, both inclusive, in block six of Knisely's addition to Chicago. That day she obtained a building permit from the city to erect thereon a three-story-and-basement, brick apartment building. For convenience we will call the north 50 feet of the 100 foot strip, tract 1, the south 50 feet of the 100 foot strip, tract 2. Later, in the improvement of the premises, there were constructed the concrete driveway and walk, 11 feet 7.5 inches wide off of the west end of tract 2 over which plaintiff claims an easement. Tracts 1 and 2 had a depth of 146 feet 7.5 inches. The proposed apartment building covered seventy-eight per cent of tract 1 and a little more than seventy-four per cent of the combined area of tract 1 and the driveway and walk. The building was commenced before December 29, 1928. That day Mrs. Lawley conveyed an undivided one-half interest in the whole property, to Thomas F. Kelly. When she and Kelly undertook to finance the building, the proposed lender objected to her advanced age. She thereupon conveyed her remaining one-half interest in the whole property to her son, William Lawley, January 21, 1929. He, Kelly and their respective wives made a trust deed to the Chicago Title and Trust Company, as trustee, to secure payment of $115,000 and on February 2, 1929, William reconveyed the half interest he had received to his mother. There was no consideration for either of these two deeds between the mother and the son.

The trust deed only described tract 1 but it also contained this clause: "Together with all of the buildings

thereon, improvements now and hereafter on said land, and all appurtenances, rights and easements thereunto attached or belonging."

The building permit required "H. Lawley" to conform in all respects to all of the ordinances of the city of Chicago, regulating the construction of buildings. The city ordinance provided an apartment building should not cover more than seventy-five per cent of the area of the lot on which it was built; that there be a rear entrance to such a building as this, and the driveway across tract 2 was absolutely necessary to comply with the ordinance's requirements. If the area of the driveway and walk is added to that of tract 1 the requirements of a driveway to the rear entrance and the seventy-five per cent of the area requirement were met.

In January, 1931, Harriet Lawley conveyed her undivided one-half interest in the whole property to Mary McCauley, who, in October, 1933, conveyed the same to John Lux and Rose Lux, the appellants.

The trust deed was foreclosed and tract 1 was sold March 31, 1937, and a master's deed was issued and delivered to the appellee on July 12, 1938. In July, 1931, Thomas F. Kelly conveyed an undivided one-fourth interest in all the premises to Minnie Goldbach Baker, and on March 30, 1932, conveyed an undivided one-fourth interest in tract 2 to her. In January, 1933, Minnie Goldbach Baker conveyed back her one-fourth interest in tract 1 to Kelly. She has not appealed and does not question the decree in this case. The chancellor decreed the plaintiff had an easement over tract 2 to use the driveway to reach the rear of the said apartment house, and that the appellants acquired their interest in tract 2 subject to that easement.

Appellants contend that to create an easement by implication, three things are required: First, there must be a separation of title by a conveyance of a part of the parcel of land; second, before such separation takes place, the

use which gives right to the easement shall have been so long continued and so obvious or manifest that it shows it was meant to be permanent; and third, the easement must either be necessary or beneficial to the enjoyment of the land granted or retained. There is no disagreement that this is the general rule. (*Traylor* v. *Parkinson,* 355 Ill. 476; *Fossum* v. *Stark,* 302 id. 99; *Keen* v. *Bump,* 310 id. 218.) But the appellants contend that the separation of title took place on January 22, 1929, when the trust deed was executed and this was before the driveway and walk were constructed. Hence, they say, there was no use made and no easement existed before the separation of title. Appellee answers this and claims the separation of title took place either at the time Minnie Goldbach Baker acquired a one-fourth interest in tract 2, or on the date of the master's deed to the appellee.

It would not avail the appellants if we were to sustain their contention as to the time of a separation of title.

It must be remembered that Harriet Lawley's conveyance to her son, William, and his reconveyance within a few days, early in 1929, were without consideration; that Harriet Lawley had been rejected as an applicant for a mortgage loan, because of her advanced age, and that the conveyance to the son was made only to satisfy the demands of the mortgagee. Harriet Lawley was at all times the real party in interest in the undivided one-half interest in the whole premises she held with her tenant in common, Kelly. She and Kelly used the proceeds of the loan to construct the apartment building under the permit issued in 1928 to Harriet Lawley, which required construction in accordance with the Chicago building ordinances. The facts here make the claim of appellants a highly technical one, that a separation of title was had when the trust deed was executed and we are of the opinion that such a contention cannot be sustained.

In *Warner* v. *Grayson,* 200 U. S. 257, 50 L. ed. 470, a similar question was presented. There was no building on the land involved when the deed of trust was executed and its granting clause contained the following words: "With all and singular the improvements, ways, easements, rights, privileges and appurtenances." The building encroached about 5 feet on adjoining land that then belonged to the mortgagor, and a subsequent owner of the building was decreed to have an easement on 10 feet more than that described in the mortgage. The holding was that although the building had not been constructed at the time the mortgage was given, the quoted language was sufficient to create an easement on the adjacent property of the mortgagor, since it was necessary to the use and enjoyment of the apartment building and it was within the knowledge and purpose of the parties that such a building was to be constructed and would be the principal security for the mortgage debt. It was also held that where title is acquired to a subordinate parcel, the easement is in actual use and it is apparent that it is necessary to the building, the purchaser takes with full notice of the rights of the owner of the dominant tract and such a purchaser cannot be heard to object that the easement does not exist.

Here the apartment house was the main thing covered by the trust that secured the loan, and all of the parties knew that the driveway and walk were necessary to its use and to satisfy the requirements of the ordinances of the city of Chicago. In addition the driveway and walk had been constructed and were in use when these parties acquired their interest in tracts 1 and 2. The reasoning in *Warner* v. *Grayson, supra,* is applicable and persuasive.

The decree of the circuit court of Cook county is, therefore, affirmed.

*Decree affirmed.*