(No. 33116.—

TILLIE C. KLING, Appellee, *vs.* PASQUALE GHILARDUCCI
*et al.,* Appellants.

*Opinion filed September 23, 1954.*

LORD, BISSELL & KADYK, of Chicago, (HAROLD E. BAILY, of counsel,) for appellants.

DARROW, SMITH & CARLIN, of Chicago, (WILLIAM L. CARLIN, LOUIS A. ROSENTHAL, and BROUDY SIMONS, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Pasquale Ghilarducci and Dina Ghilarducci, husband and wife, defendants below and hereinafter so designated, appeal from a decree of the superior court of Cook County which found that Tillie C. Kling, hereinafter referred to as plaintiff, was entitled to easements by implication in their property for (1) right of use for a water supply pipe over defendants' property and (2) right of access to a sidewalk and stairway leading to a side entrance to plaintiff's residence. An injunction was issued restraining defendants from interfering with plaintiff's use and enjoyment of such easements. A freehold being involved, the appeal is directed to this court.

On July 17, 1918, the plaintiff's predecessors in title, Sievert and Carrie Johnson, owned lot 23 (except the north 11 feet thereof) in block 5 of E. E. Reed's Montclare Subdivision located in the city of Chicago. They were then constructing a brick bungalow on the west end of the lot and a store building with an apartment on the second floor on the east end of the lot. To secure two independent debts they executed two trust deeds to Chicago Title and Trust Company as trustee, one conveying the west 95 feet upon which the residence property is located, and the other conveying the east 28 feet upon which the store building is located. The residence faces North New England Avenue to the west, is known as 2501 North New

England Avenue, and is referred to as the front property. The store building faces West Altgeld Avenue to the south, is known as 6848 West Altgeld Avenue, and is referred to as the rear property.

On July 9, 1919, the Johnsons conveyed the entire lot 23 (except the north 11 feet thereof) to the plaintiff Tillie C. Kling and her husband Frank Otto Kling, subject to the two trust deeds, and in 1929 plaintiff became the owner of the entire interest in both parcels, subject to the trust deeds, by reason of a quitclaim deed from her then-divorced husband, Frank Otto Kling.

Plaintiff resided in the front property from 1919 until March 22, 1932, when suit was filed to foreclose the trust deed on that property and she then moved into the apartment on the second floor of the rear property where she still resides. Plaintiff was a defendant in the foreclosure proceeding, filed her answer in the nature of a general denial, claimed no easements, and a decree of foreclosure and sale was entered. The property was sold under this decree and a master's deed executed to the purchaser March 1, 1937, conveying the west 95 feet of said Lot 23 (except the north 11 feet thereof). The defendants, by mesne conveyances, claim title under the master's deed, having acquired their title on May 2, 1951.

Prior to 1923 both these properties were supplied water from a water main on Newcastle Avenue, to the east of lot 23. In that year a main was installed in New England Avenue, west of lot 23, and the front property then received water from that main. The rear property continued to receive water from the Newcastle Avenue main until 1933 when that service was discontinued. The plaintiff then had the water service pipe extended from the front building to the rear building by means of a one-inch underground pipe connected to an exposed valve in the basement of the front building. Plaintiff received her water supply from this pipe from 1933 until 1938 when the then

owner of the front property shut it off. No water was received by plaintiff through that pipe until 1943 when the party who then owned the front property, at plaintiff's request, restored the service. On September 19, 1951, the defendants who then occupied their property shut off plaintiff's water supply.

The apartment which plaintiff occupies as her residence on the second floor of the rear property is reached by an inside stairway from Altgeld Avenue on the south and by an outside stairway on the west side of the building. This stairway extends over onto the defendants' lot one foot and five and three-fourths inches. There is also a sidewalk, located entirely on defendants' property, which leads to a shed under a porch on the west side of the store building where plaintiff stores fuel. Plaintiff claims an easement for ingress and egress to her apartment over the sidewalk and stairway which encroach upon defendants' property.

The trial court having found that plaintiff was entitled to easements by implication in favor of her property and against defendants' property for (1) the right to procure water through a one-inch supply pipe and (2) the use of the stairway and sidewalk upon defendants' property, and having enjoined defendants from interfering with such rights, defendants appeal.

The defendants here argue the judgment of the trial court should be reversed because (1) the decree in the suit foreclosing the mortgage lien on defendants' servient estate adjudicated adversely to plaintiff, a party to that proceeding, her claims of easements detrimental to the interests of the mortgagee and his assigns; (2) plaintiff's claims of easements are subject to the prior rights of the mortgagee because those claims arose subsequent to the execution and recording of the mortgage and they are detrimental to the mortgagee's interests; and (3) no easements exist because the evidence does not show (a) that the use which gives right to the claim of easements had

been so long continued and was so obvious or manifest as to evidence permanency, and (b) that the claimed easements are reasonably necessary to the enjoyment of the dominant estate.

The plaintiff contends first that this appeal should be dismissed for lack of jurisdiction, the decree appealed from not being a final decree because although the complaint contained several counts and the counterclaim prayed removal of the encroachments, the case was tried only on one count in the complaint, a count for an injunction restraining defendants from interfering with plaintiff's use and enjoyment of her easements. Plaintiff also argues, to sustain the judgment and in answer to defendants' arguments, that (1) the mortgage foreclosure, begun in 1932 and pending until 1937, did not destroy the implied easement created by plaintiff during that period while plaintiff was the owner of both tracts, because the mortgagee during that period had actual or constructive knowledge of these visible easements, and (2) the easements by implication exist because the evidence shows that the user was long continued, obvious and manifest as to the permanency and the easements are essential to the beneficial use and enjoyment of her property. Plaintiff further argues that defendants are estopped from questioning her easements because the mortgagee and subsequent owners acquiesced in her use of such easements.

The order appealed from adjudicates and establishes in favor of plaintiff two separate and distinct easements. It determines the ultimate rights with respect to easement of way for water and for the sidewalk, stairway and porch. There is nothing in the record which would show that the easements for water and right of way have a bearing on other matters left for further consideration. *Hoier* v. *Kaplan*, 313 Ill. 448; *Sebree* v. *Sebree*, 293 Ill. 228; *City of Park Ridge* v. *Murphy*, 258 Ill. 365; *People ex rel Abt* v. *Vogt*, 262 Ill. 170.

The order appealed from completely disposes of all equitable relief sought by plaintiff and against the defendants. The court order of October 5, 1953, disposing of the equity branch of defendants' case, was a final order and was therefore appealable. A perpetual easement or one of indefinite duration involves a freehold and hence the appeal comes to this court. *Liberty Nat. Bank* v. *Lux,* 378 Ill. 329; *Espenscheid* v. *Bauer,* 235 Ill. 172; *Foote* v. *Marggraf,* 233 Ill. 48; *Burke* v. *Kleiman,* 355 Ill. 390.

It is not necessary to discuss or review the law pertaining to easement claims based upon prescription or adverse possession. It is obvious that the grant on which the claim of plaintiff is based is on an implied grant in the nature of an easement. Such a grant rises by implication of law.

The essential elements which must exist to create an easement by implication upon severance of ownership are: (1) there must be a separation of the title; (2) before the separation occurs the use which would give rise to an easement must have been so long continued, obvious or manifest to that degree which will show the use was meant to be permanent; and (3) it is necessary that the use of the claimed easement be essential to the beneficial enjoyment of the land granted or retained. *Carter* v. *Michel,* 403 Ill. 610; *Liberty Nat. Bank* v. *Lux,* 378 Ill. 329; *Traylor* v. *Parkinson,* 355 Ill. 476; *Fossum* v. *Stark,* 302 Ill. 99; *Keen* v. *Bump,* 310 Ill. 218.

Additionally, the authorities are in agreement that such right extends no further than to servitudes of a permanent nature well known or plainly apparent to the eye, from the character of which it may be presumed the owner was desirous of their preservation as servitudes, evidently necessary to the convenient enjoyment of the property to which they belong and not for the purpose of pleasure. *Carter* v. *Michel,* 403 Ill. 610; *Leitch* v. *Hine,* 393 Ill. 211; *Fossum* v. *Stark,* 302 Ill. 99.

The defendants contend that the separation of title took place on July 17, 1918, when the trust deed was executed, and this was before the water pipe and stairs and sidewalk were constructed. Hence, they say that there was no use made and no easement existed before the separation of title. Plaintiff answers this and claims the separation of title took place on the date of the issuance of the master's deed on March 1, 1937, in the foreclosure proceedings.

In some jurisdictions the execution of a mortgage is a severance, in others, the execution of a mortgage is not a severance. In Illinois the giving of a mortgage is not a separation of title, for the holder of the mortgage takes only a lien thereunder. After foreclosure of a mortgage and until delivery of the master's deed under the foreclosure sale, purchaser acquires no title to the land either legal or equitable. Title to land sold under mortgage foreclosure remains in the mortgagor or his grantee until the expiration of the redemption period and conveyance by the master's deed. (*Klein* v. *Mangan,* 369 Ill. 645, 17 N.E. 2d 958; *Taylorville Savings Loan and Building Assn.* v. *McBride,* 369 Ill. 544, 17 N.E. 2d 221; *Chicago Joint Stock Land Bank* v. *McCambridge,* 343 Ill. 456, 175 N.E. 834; *Clark* v. *Hall,* 303 Ill. App. 1, 24 N.E. 2d 394; *Wadelski* v. *Sixteenth Ward Building and Loan Assn.* 276 Ill. App. 74.) Hence, title to the premises remained in the plaintiff here until separated by the execution and delivery of the master's deed on March 1, 1937.

Since no one can have an easement in his own property, an easement of one part does not arise until there is a severance of ownership and what easements are created must be determined as of the time of separation. In the instant case the evidence shows that the water pipe was installed and the steps and walk constructed after the date of the trust deeds given July 17, 1918, but before separation of title by the execution and delivery of the master's deed on March 1, 1937.

Ordinarily, a complete and delivered deed has the effect of transferring the grantor's present title, or so much as the deed purports to convey, to the grantee, and of divesting the grantor thereof. If such were the situation here the argument of plaintiff would be persuasive. However, in this case the separation of title took place through the foreclosure of a mortgage and the execution and delivery of the master's deed. The title acquired by the grantee in the master's deed relates back to the execution of the mortgage and the purchaser takes the title then existing in the mortgagor, divested of sales, liens or leases subsequently made by the mortgagor or those claiming under him. As was said in Reeve, Illinois Law of Mortgages, vol. 2, chap. 34, par. 718, p. 808: "A master's deed under a foreclosure sale, predicated upon proper and regular proceedings conveys to the grantee therein named all the title, estate and interest of every nature and kind, of the persons against whom the decree of foreclosure was rendered in and to the premises conveyed. Consequently, in a foreclosure proceeding to which all proper and necessary parties have been brought in, the purchaser acquires all the rights in the mortgaged premises which the mortgagor had at the time of the execution of the mortgage, entirely unaffected by the title or lien of purchasers or encumbrancers subsequent to the recording of the mortgage, or with notice."

Where a party acquires title to land under the foreclosure of a mortgage, it will relate back to the date of the mortgage, so as to cut off intervening equities and rights. (*Taylor* v. *Kearn,* 68 Ill. 339; *Cooper* v. *Corbin,* 105 Ill. 224; *Bartlett* v. *Hitchcock,* 10 Ill. App. 87, 89.) The mortgagee is not affected by the act of the mortgagor in passing any right of his in the premises to third persons, whether by deed or by confession of judgment or otherwise. He cannot bind the mortgagee by any contract or deed prejudicial to his title. He cannot create an easement in the land to the prejudice of the rights of the mortgagee.

As the title of the purchaser relates back to the time of the execution of the mortgage, it does not matter to him what disposition the mortgagor may afterward have made of the property if the foreclosure is perfect. All conditions and reservations and easements, all claims of creditors, as well as all junior liens, mortgages, or other incumbrances, afterward impressed upon the property are extinguished, and the purchaser takes the property free therefrom. 2 Jones on Mortgages, 8th ed. pp. 138-139, sec. 836.

And in 3 Jones on Mortgages, 8th. ed., p. 623 ff.: "Title acquired by foreclosure relates back to the date of the mortgage, so as to cut off intervening equities and rights. If all subsequent purchasers and encumbrancers are made parties to the bill, the title under the mortgage foreclosed is perfected to an absolute one. In such case the purchaser at foreclosure sale acquires all the right, title and interest of the mortgagor at the time of making the mortgage." (Citing *McMahell* v. *Torrence,* 163 Ill. 277; *Ballinger* v. *Bourland,* 87 Ill. 513; *Taylor* v. *Kearn,* 68 Ill. 339.) A bona-fide purchaser, other than the owner, on an unconditional sale of real property pursuant to a regular foreclosure acquires a clear and absolute title as against all parties to the suit and their privies which relates back to the mortgage so as to cut off all intervening rights and equities. 3 Jones on Mortgages, 8th ed., pars. 2121 and 2122, pp. 1653-1654; *Chicago D. & Vincennes Railroad Co.* v. *Fosdick,* 106 U.S. 47, 27 L. ed. 47; *Smith* v. *Gardner,* 42 Barb. 356, 366; *Pardee* v. *Steward,* 37 Hun. 259, 262; *Jaycox* v. *Smith,* 17 App. Div. 146, 45 N.Y.S. 299; *Rector, etc. of Christ Protestant Episcopal Church* v. *Mack,* 93 N.Y. 488, 492, 45 Am. Rep. 26; *Sautter* v. *Frick,* 229 App. Div. 345, 242 N.Y.S. 369, affirmed 256 N.Y. 535, 536, 177 N.E. 129; *State Life Ins. Co.* v. *Freeman,* 308 Ill. App. 127.

On foreclosure by suit in equity, the mortgagee should search for intervening transfers or liens and should join

the record owners as parties defendant, praying foreclosure against them. But when this is done, subsequent grantees and junior encumbrancers are cut off as effectively as one would desire, for the purchaser at the foreclosure sale acquires the title as it stood at the date of the mortgage. This point may seem hard in the case of junior easements particularly, but it is quite clear in principle. Glenn on Mortgages, vol. III, par. 364, p. 1500.

Plaintiff contends that the mortgage foreclosure upon the front parcel, begun in 1932 and pending until 1937, did not destroy the implied easements created by the plaintiff during the pendency of the foreclosure proceedings and during the time plaintiff was the owner of both parcels, because the mortgagee during this five-year period had actual or constructive knowledge of the visible easements for water and sidewalk, stairway and porch facilities. If plaintiff had any easement or claim of easement in the premises not subject to the trust deed, it was incumbent upon her to set up her claim in the foreclosure proceedings. She is now precluded from asserting any interest or estate in the premises and cannot now avoid the conclusive effect of the decree by setting up this new claim, which she says is not subject to the trust deed. *Springer* v. *Darlington,* 198 Ill. 121.

The record before this court does not sustain the contention of plaintiff that the doctrine of waiver and estoppel applies in this case.

Having come to a conclusion, for the reasons herein expressed, that the decree of the trial court should be reversed, we do not pass upon other matters presented by the record.

The decree of the superior court of Cook County entered October 5, 1953, is reversed. The cause is remanded to that court with directions to enter a decree in favor of defendants and against plaintiff that plaintiff has no easement over the land of defendants for water or right of

way, and granting the relief sought in defendants' counter-claim praying that plaintiff be directed to remove that portion of the stairway, landing and sidewalk which encroaches upon the premises of the defendants.

*Reversed and remanded, with directions.*