**In re Dolores K. KOHLER, Debtor.**

**Bankruptcy No. 89–50491.**

United States Bankruptcy Court,
S.D. Illinois.

Nov. 6, 1989.

Gail Donnelly Bader, Alton, Ill., for Gary & Peggy White.

Debra Meadows, Edwardsville, Ill., for First Federal Sav. & Loan.

David Virgin, Bethalto, Ill., for debtor.

James W. McRobert, Jr., Chapter 12 Trustee, Belleville, Ill.

### MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

On November 9, 1979, the First Federal Savings & Loan Association of Edwardsville, Illinois (mortgagee) entered into a residential mortgage agreement with Lenes and Dolores Kohler. On December 14, 1988, mortgagee filed a complaint for foreclosure and on March 21, 1989, a judgment of foreclosure was entered against the Kohlers. Although the judgment was set aside on May 17, 1989, it was reinstated a week later and the Kohlers were given until August 24, 1989 to redeem the property.

On the last day of the redemption period Dolores Kohler (debtor) filed a petition under chapter 13 of the Bankruptcy Code.[1] Along with the chapter 13 petition, debtor filed a plan of reorganization which proposed to pay mortgage arrearages in full inside the plan, with the regular monthly mortgage payment to be paid in full outside the plan.

On August 31, 1989, the mortgagee filed for relief from stay to proceed with the sale of the foreclosed property. Mortgagee argues that the debtor cannot propose a plan to cure mortgage arrearages once a foreclosure judgment has been entered. Mortgagee states the entire debt is now due and owing. Mortgagee relies upon the argument that upon entry of a foreclosure judgment a mortgage merges with the judgment and thus there is no longer a mortgage under which the chapter 13 debtor can cure arrearages.

Debtor argues that pursuant to section 1322(b)(5) of the Bankruptcy Code a Chapter 13 debtor is entitled to cure a default even after a foreclosure judgment has been entered. Section 1322(b)(5) provides in pertinent part:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(5) Notwithstanding paragraph (2) of this subsection, *provide for the curing of any default* within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last'payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5) (emphasis added).

The issue of whether a chapter 13 debtor may cure a mortgage default pursuant to § 1322(b)(5) after entry of a foreclosure judgment has resulted in substantial disagreement among bankruptcy courts. It is generally accepted that where the mortgagor has defaulted but the mortgagee has not yet accelerated the outstanding debt, the mortgagor can cure the default through a chapter 13 plan. *In re Schnupp*, 64 B.R. 763, 765 (Bankr.N.D.Ill. 1986). Courts are also largely in agreement that after a foreclosure sale, chapter 13 affords a debtor no relief. *Id.* However, as in the present case where the bankruptcy petition comes after the foreclosure judgment, courts are split. One thing all courts agree on is that at some point in the foreclosure process the right to cure a default is irretrievably lost. *In re Glenn*, 760 F.2d 1428, 1435 (6th Cir.1985).

### Title Theory v. Lien Theory

When faced with the issue of whether a debtor can cure a default after a foreclosure judgment has been entered, many bankruptcy courts have held the ability to cure depends on whether the applicable state law follows the title theory or lien theory of mortgages. See *In re Jenkins*, 14 B.R. 748, 749–50 (Bankr.D.Ill.1981); *In re Young*, 22 B.R. 620 (Bankr.D.Delaware 1982); *In re Schnupp*, 64 B.R. 763 (Bankr. N.D.Ill.1986); *Matter of Clark*, 738 F.2d 869 (7th Cir.1984). Under the title theory, the creation of a mortgage is a transfer of title to the mortgagee. Therefore, upon default and foreclosure, the mortgage merges into the foreclosure judgment, and there is no debt in existence which can be cured. *In re Young*, 22 B.R. at 622; *In re Schnupp*, 64 B.R. at 765. However, the lien theory recognizes the true nature of a mortgage as a debt instrument. Consequently, the mortgage and the judgment are not merged, and the defaulted mortgage is capable of being cured. *In re Young*, 22 B.R. at 622.

■ There is confusion among bankruptcy courts as to whether Illinois is a title or

---

1. Although the mortgage was executed by Lenes and Dolores Kohler as husband and wife, Dolores Kohler's Chapter 13 petition revealed that the Kohlers were no longer married. This Order will address only Dolores Kohler's interest since she is the Chapter 13 debtor.

lien theory state. Some courts classify Illinois as title theory, *In re Jenkins*, 14 B.R. at 750; *In re Young*, 22 B.R. at 622; *First Financial Savings and Loan Association v. Winkler*, 29 B.R. 771, 773 (Bankr.N.D. Ill.1983), while others recognize Illinois as a lien theory state. *In re Schnupp*, 64 B.R. 763, 765 (Bankr.N.D.Ill.1986); *In re Josephs*, 85 B.R. 500 (Bankr.N.D.Ill.1988). Although bankruptcy courts are unsure of whether Illinois is title or lien theory, the Illinois Supreme Court has made it clear that Illinois is a lien theory state.

The Illinois Supreme Court in *Kling v. Ghilarducci*, 3 Ill.2d 454, 455, 121 N.E.2d 752, 756 (1954), clearly stated that the execution of a mortgage only creates a lien on the property. The *Kling* court stated,

"In some jurisdictions the execution of a mortgage is a severance, in others, the execution of a mortgage is not a severance. In Illinois the giving of a mortgage is not a separation of title, for the holder of the mortgage takes only a lien thereunder. After foreclosure of a mortgage and until delivery of the master's deed under the foreclosure sale, purchaser acquires no title to the land either legal or equitable. Title to land sold under mortgage foreclosure remains in the mortgagor or his grantee until the expiration of the redemption period and conveyance by the master's deed." *Kling*, 121 N.E.2d at 756.

The Illinois Supreme Court later reaffirmed the *Kling* decision in *Harms v. Sprague*, 105 Ill.2d 215, 85 Ill.Dec. 331, 473 N.E.2d 930 (1984). The Court in *Harms* was much more direct and referred to Illinois as a lien theory state. *Id.* 85 Ill.Dec. at 335, 473 N.E.2d at 934. Therefore, based on applicable state law Illinois is a lien theory state.[2]

### Illinois Mortgage Foreclosure Law

■ While Illinois case law is clear that Illinois is a lien theory state, the *Kling* and *Harms* decisions were decided prior to the enactment of the new Illinois Mortgage Foreclosure Law (IMFL).[3] Therefore, the Court must determine if Illinois remains a lien theory state.

After reviewing the IMFL, this Court is convinced that under the new statute a mortgage creates a lien upon the property, and the lien is not extinguished upon entry of a foreclosure judgment. The Court finds support for this proposition in section 15–1301, which provides:

Lien created. Except as provided in Section 15–1302, from the time a mortgage is recorded it shall be a lien upon the real estate that is the subject of the mortgage for all monies advanced or applied or other obligations secured in accordance with the terms of the mortgage or as authorized by law, *including the amounts specified in a judgment of foreclosure* in accordance with subsection (d) of Section 15–1603.

Ill.Rev.Stat. ch. 110, para. 15–1301 (1987) (emphasis added). Section 15–1603 makes it clear that the mortgage lien is not extinguished upon entry of the judgment of foreclosure, in fact the mortgage lien secures the amounts specified in the judgment. Not only does the mortgage lien survive entry of a judgment of foreclosure, the lien is not terminated until confirmation of a judicial sale. Ill.Rev.Stat. ch. 110, para. 15–1506(i)(1) (1987). The judicial sale is the point at which the mortgagee's interest in the mortgaged real estate is terminated. Ill.Rev.Stat. ch. 110, para. 15–1404 (1987).

This Court concludes that under the IMFL a mortgage is merely a lien upon the mortgaged real estate, which lien continues after entry of foreclosure judgment. Thus, it is clear Illinois remains a lien theory state.

### Right to Cure in Lien Theory Jurisdiction

■ The Seventh Circuit has addressed the issue of a debtor's right to cure a

---

**2.** The Seventh Circuit's decision in *Matter of Tynan*, 773 F.2d 177 (7th Cir.1985) is not controlling since it was decided prior to the enactment of the new IMFL. Furthermore, the decision does not discuss whether Illinois is a lien theory or title theory jurisdiction.

**3.** The Illinois Mortgage Foreclosure Law, Ill. Rev.Stat. ch. 110, para. 15–1101 to 15–1706 (1987) became effective on July 1, 1987.

default after entry of a foreclosure judgment in a lien theory jurisdiction. In *Matter of Clark*, 738 F.2d 869 (7th Cir.1984), two mortgagors filed a chapter 13 case after a judgment of foreclosure had been entered against them, but prior to a sale of the mortgaged property. The Seventh Circuit looked to Wisconsin law and found Wisconsin followed the lien theory of mortgages. The court then went on to hold that the debtors were entitled to cure their default, despite the entry of a foreclosure judgment, because of the small impact that a Wisconsin judgment of foreclosure had on the relationship between the mortgagor and mortgagee. *In re Josephs*, 85 B.R. 500, 503 (Bankr.N.D.Ill.1988). The court in *Clark* stated:

> "Under Wisconsin law, a mortgagee has only a lien on the mortgaged property even after a judgment of foreclosure is entered. Neither equitable nor legal title passes until the foreclosure sale is held.... The judgment does not destroy the lien of the mortgage but rather judicially determines the amount thereof."

*Matter of Clark*, 738 F.2d at 871.

The Seventh Circuit then contrasted Wisconsin law (lien theory) to states in which the mortgage is deemed "merged" with the judgment, effectively transferring title to the mortgagee. *Matter of Clark*, 738 F.2d at 872, footnote 3. This statement is strong evidence that the court's holding only applies in lien theory jurisdictions.

The Seventh Circuit's holding in *Clark* is persuasive in the present case since under both Wisconsin and Illinois law the mortgage lien survives entry of the foreclosure judgment. Therefore, this Court finds that under the facts in the present case the chapter 13 debtor is entitled to cure a mortgage default notwithstanding entry of a foreclosure judgment.

Although there is a split in the case law, the position adopted in the present case seems to be the most equitable. It is generally agreed that one of the reasons chapter 13 was enacted was to protect homeowners from foreclosure by allowing their regular income to be disbursed in such a way as to pay their debts. Lendberg & Bender, *The Illinois Mortgage Foreclosure Law*, 75 Ill. B.J. 800 (October 1987). "Clearly the drafters of the code balanced that goal with the need to protect the mortgagee from financial injury in such circumstances and came up with the cure approach. If the mortgage is reinstated and cured with compensation, the home is saved and the lender is made whole and suffers no injury. The original bargain is reinstated and completed, thus fulfilling the original expectations of the parties. This is true no matter how far along the foreclosure process has proceeded, and no matter whether the mortgage has been accelerated." 1 R. Ginsberg, *Bankruptcy* § 14,305 (1988).

### Equity in the Property

The mortgagee also raises the argument that the debtor has no equity in the property, and thus the stay should be lifted.[4] However, neither party offers any evidence on this point.[5] The Court is unable to rule on this issue since neither side has substantiated its position.[6]

The Court holds that a chapter 13 debtor is entitled to cure a mortgage default after entry of a judgment of foreclosure under Illinois law. However, the Court reserves judgment on First Financial Savings & Loan Association of Edwardsville, Illinois'

**4.** Mortgagee raises arguments in its brief regarding how much the monthly payments should be to cure the arrearage, and feasibly of the plan in general. The Court will not address these arguments at this time, as they are more appropriately raised as objections to confirmation of the chapter 13 plan.

**5.** This Court recognizes that relief from stay pursuant to section 362(d)(2) requires a showing that there is no equity in the property, and that the property is not necessary to an effective

reorganization. However, the only point the parties have raised is whether there is equity in the property.

**6.** Both sides should be prepared to offer evidence of whether debtor retains any equity in the mortgaged property at the hearing scheduled for November 6, 1989. The Court will reserve judgment on this issue pending the outcome of the November 6, 1989 hearing.

motion to modify stay pending the outcome of the November 6, 1989 hearing.

IT IS SO ORDERED.