UNITED STATES of America, Plaintiff,

v.

Jack E. ROBERTS and Rose F. Roberts a/k/a Rose Floyd Roberts, Marvin Tanner, Edward S. Roth, Alfred Klein, and Juan I. Ribas, Defendants.

No. 90–1508–Civ.

United States District Court, S.D. Florida.

Oct. 8, 1991.

Richard Braverman, Sp. Asst. U.S. Atty., Small Business Admin., Coral Gables, Fla., for plaintiff.

Donald J. Murray, David McDonald, Miami, Fla., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

ARONOVITZ, Senior District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment file dated January 11, 1991.

THE COURT held a hearing on the motion during which counsel argued their respective positions. Thereafter, the parties filed supplemental memoranda as directed by the Court.

### BACKGROUND

Robert's Fish Farm (Roberts) was the owner of two vacant tracts of land located in Martin County, Florida. In May of 1977, Roberts executed and delivered a Note in the amount of $125,000 payable to the Small Business Administration (SBA). The Note was guaranteed by Defendants Jack E. Roberts and Rose Floyd Roberts.

In October of 1977, Roberts executed and delivered a second Note in the amount of $125,000 payable to the SBA. Again, Jack E. and Rose Floyd Roberts guaranteed the Note.

Contemporaneously with execution of each Note, the Defendants executed and delivered mortgages on certain real property in order to secure payment on the Notes. The SBA recorded the initial mortgage on September 23, 1977. The subsequent mortgage was recorded on October 19, 1977.

On August 4, 1980 Roberts executed a Warranty Deed to Defendant Juan I. Ribas (Ribas) transferring one of their tracts of land. Roberts retained the second tract, but granted Ribas an easement over the second tract which was recorded on November 26, 1980.

Jack E. and Rose Roberts have defaulted on their Notes. The total amount due to the SBA as of January 3, 1991 was $210,617.82.

On August 20, 1990 a default was entered against Defendants Marvin Tanner, Edward S. Roth and Alfred Klein. Jack E. and Rose Roberts filed an Answer to the Complaint, but have not filed any response to the government's Motion for Final Summary Judgement. Defendant Ribas is the only party who has filed a memorandum in opposition to the government's motion.

### DISCUSSION

The only dispute in this case is over the easement granted Ribas over the second tract. The Government correctly states that the issue before the Court is whether an easement created over lands subject to a mortgage has priority or survives the foreclosure of the mortgage by the mortgagee. The government cites *Kling v. Ghilarducci*, 3 Ill.2d 454, 121 N.E.2d 752 (1954) for the proposition that an easement created subsequent to the execution of a mortgage is eliminated by foreclosure of the mortgage.

The holding in *Kling* was cited with approval in *Bush v. Duff*, 754 P.2d 159 (Wyo. 1988). The *Bush* court faced a similar situation involving the granting of a mortgage followed by the establishment of a way of necessity over a servient estate previously mortgaged. Even though the court recognized the existence of a common-law way of necessity to the owner of a landlocked tract, the court concluded that

the foreclosure of the mortgage extinguished the way of necessity.

Based on the *Kling* line of reasoning, the government concludes that Ribas' easement has been extinguished, that there are no genuine issues of material fact, and therefore final summary judgment should be granted.

Ribas argues that under Florida law an easement can only be terminated by:

1. The expiration of time where the easement created is to exist for a specific period of time;
2. The merger of the dominant and servient tenements into the ownership of the same person;
3. Abandonment;
4. Sale to a bona fide purchaser; or,
5. Adverse possession.

Ribas states that none of the above five situations exists here. He argues that there is no case law in Florida regarding termination of an easement due to foreclosure since Florida recognizes and adopts the common law regarding implied easements. Moreover, Ribas argues that even if his easement was extinguished by foreclosure, he is entitled to a statutory way of necessity since his tract is located outside of a municipality, is used for agricultural purposes, and is land locked.

The government is correct in stating that Ribas' easement is extinguished upon foreclosure of the subject mortgage. The Notes and mortgage at issue were executed three years prior to establishment of the Ribas easement. "First in time, first in right" certainly applies to this situation.

By extinguishing the easement we come upon a new problem: Ribas may have a landlocked tract, apparently with no alternative route for traveling to and from his land. Florida Statute 704.01(2) was specifically designed to address this problem. However, the issue of whether a statutory way of necessity exists is not before this Court. That issue is properly taken up with the state court.

CONCLUSION

There is no question that the government is entitled to foreclosure on the subject property. Jack and Rose Roberts failed to make payments on the subject Notes, justifying foreclosure. Ribas' easement defense does not address the question of whether the foreclosure is proper. Accordingly, based upon the foregoing it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby GRANTED. However, the Court will stay the effect of this Order for a term of 30 days from the date of this Order. This stay will be enforced in order to allow the Defendant Ribas an opportunity to assert whatever rights, if any, available to him in state court.

DONE AND ORDERED.